■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY W. WOODSIDE, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminally negligent homicide for shooting Lawrence Trawick during the evening of November 4, 1987. On appeal defendant contends that the court erred in failing to instruct the jury that the prosecution had the burden of disproving his alibi defense and by making specific reference to defendant as an interested witness without making similar specific reference to other witnesses. Additionally, defendant contends that the prosecutor's summation remarks deprived him of a fair trial.

Defendant made no specific request for a jury instruction, did not except to the charge as given, and raised no objection during the prosecutor's summation. As a result, the issues raised by defendant have not been preserved for appellate review (see, CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351; *People v Dawson,* 50 NY2d 311, 324). There is no basis for the exercise of our discretionary power of review. The court adequately informed the jury regarding the People's burden of proof on the alibi defense (see, *People v Azzara,* 138 AD2d 495, 496, *lv denied* 71 NY2d 1023). The court also properly described defendant as an interested witness as a matter of law and set forth the factors the jury should consider in assessing whether other witnesses were interested in the outcome of the trial (see, 1 CJI[NY] 7.03, at 269-270). Although the prosecutor impermissibly impugned the defense, the remarks were not part of a pervasive pattern of misconduct and were not so egregious as to deprive defendant of a fair trial (see, *People v Rosemond,* 126 AD2d 962, *lv denied* 69 NY2d 886; *People v Widger,* 126 AD2d 962, *lv denied* 69 NY2d 1011). Moreover, the court's admonition to the prosecutor and its prompt curative instruction minimized or negated any prejudice to defendant (see, *People v Panepinto,* 161 AD2d 1192, *lv denied* 76 NY2d 862). (Appeal from Judgment of Jefferson County Court, Clary, J.—Criminally Negligent Homicide.) Present— Callahan, J. P., Doerr, Green, Balio and Lowery, JJ.