■ In the Matter of NICOLE T. and Another, Alleged to be Abused and Neglected Children. COMMISSIONER OF THE SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WAYNE U., Appellant.—Mercure, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered March 20, 1989, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and found Nicole T. to be an abused child.

Following a hearing, Family Court found that respondent had abused his stepdaughter by, *inter alia,* subjecting her to repeated acts of sexual intercourse and deviate sexual intercourse. An order of disposition was entered finding respondent to have committed acts constituting rape in the third degree and sexual abuse in the second degree. Respondent now appeals.

There should be an affirmance. Initially, we reject the contention that Family Court's finding was not supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.,* 71 NY2d 112, 117). The victim, a 15-year-old ninth grade student at the time of the fact-finding hearing, testified in support of the petition and gave a detailed description of the various sexual acts which respondent engaged her in. This testimony not only corroborated the victim's out-of-court statements (see, Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V., supra),* but constituted direct evidence sufficient of itself to establish respondent's guilt. Evidence that the victim had made prior contradictory statements and which otherwise tended to impugn her veracity merely cre-

ated a credibility issue which Family Court was free to and did resolve in her favor (see, Matter of Swift v Swift, 162 AD2d 784, 785). Contrary to respondent's contention, his failure to testify on his own behalf justified Family Court in "draw[ing] the strongest inference against him that the opposing evidence in the record permit[ted]" (Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141).

We also reject the contention that Family Court erred in refusing to admit into evidence a tape recording of a purported telephone conversation between respondent and the victim. In the absence of testimony that the tape recording "is a complete and accurate reproduction of the conversation" (People v Ely, 68 NY2d 520, 527), there was an insufficient foundation for its receipt (see, supra, at 527-528; People v McGee, 49 NY2d 48, 60, cert denied sub nom. Waters v New York, 446 US 942). Here, neither participant testified as to whether the conversation had been accurately and fairly reproduced. Although the individual who operated the tape recorder did testify, it was established that he did not hear the telephone conversation while it was taking place and, as such, was unable to establish that the recording constituted a complete, accurate and fair reproduction of the conversation (cf., United States v McMillan, 508 F2d 101, 104-105, cert denied 421 US 916; People v Maderic, 142 AD2d 892, 893).

Weiss, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is affirmed, without costs.