■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNABE ENCARNACION, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that County Court erred in admitting into evidence a tape recording of a conversation among an undercover officer, who died prior to trial, codefendant and defendant. For a tape-recorded conversation to be admissible, clear and convincing proof is required establishing "that the offered evidence is genuine and that there has been no tampering with it" *(People v McGee,* 49 NY2d 48, 59, *cert denied sub nom. Waters v New York,* 446 US 942). Clear and convincing proof may be provided by the testimony of a participant in the conversation regarding the completeness and accuracy of the recording *(People v Ely,* 68 NY2d 520, 527). The People failed to lay a proper foundation for the admission of that tape because codefendant failed to testify that the conversation had been fairly and accurately reproduced *(see, Matter of Nicole T.,* 178 AD2d 849, 850; *People v Blanco,* 162 AD2d 540, 543, *lv denied* 76 NY2d 1019).

The People's proof also failed to establish an adequate chain of custody to provide a foundation for the introduction of the tape. There was no evidence concerning the making of the tape or the handling of the tape during the six months between its making and its discovery in the undercover officer's desk *(see, People v Ely, supra,* at 527-528). We conclude however that admission of the tape does not mandate reversal because the proof against defendant was overwhelming and there is no significant probability that but for its admission the jury would have acquitted defendant *(see, People v Crimmins,* 36 NY2d 230, 240-242).

Defendant further contends that reversal is mandated because of prosecutorial misconduct during summation. Although the prosecutor's comments on summation may have impermissibly aroused the jury's sympathy *(see, People v Grice,* 100 AD2d 419, 422), reversal is not required. A curative instruction was given by the court and the prosecutor's remarks were not so egregious as to deprive defendant of a fair trial *(see, People v Woodside,* 172 AD2d 1052; *People v Hazlett,* 167 AD2d 867, 868, *lv denied* 77 NY2d 878; *People v Curley,* 159 AD2d 969, 970, *lv denied* 76 NY2d 733).

We note, however, that defendant received an illegal sentence of 7 to 20 years incarceration for criminal possession of a controlled substance in the third degree under count three of the indictment *(see,* Penal Law § 70.00 [3] [b]; § 70.02 [4]). We modify the minimum term of defendant's sentence on that count to 6⅔ years incarceration.

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Callahan, J. P., Boomer, Pine, Lawton and Boehm, JJ.