■ In the Matter of GLADYS H. and Others, Children Alleged to be Abused. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHEN H., Appellant. [614 NYS2d 475] — Mikoll, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered March 31, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused.

Family Court held a consolidated proceeding as to custody and visitation pursuant to Family Court Act article 6 together with a child protective proceeding alleging abuse pursuant to Family Court Act article 10, finding at the conclusion thereof respondent's children to be abused children. Family Court placed the children in the custody of petitioner (Family Ct Act § 1055) for a period of 12 months from March 1993 to March 1994.

On appeal, respondent contends that Family Court abused its discretion when it failed to hold a dispositional hearing at the conclusion of the proceedings as required by Family Court Act §§ 1045, 1047 and 1052 (a). We note that respondent waived the holding of a formal dispositional hearing which was offered him by Family Court and consented to a dispositional order based on the evidence adduced during the fact-finding hearing. Additionally, Family Court had ample evidence before it and made findings of fact concerning "reasonable efforts to prevent or eliminate the need for removal" (Family Ct Act § 1052 [b] [i] [A]) and whether "the need for placement of the child[ren] would be eliminated by the issuance of an order of protection" (Family Ct Act § 1052 [b] [ii]; *see, Matter of Katrina W. [Roslyn W.],* 171 AD2d 250, 256-257, *appeal dismissed* 79 NY2d 976, *cert denied sub nom. Rosalyn*

*W. v Suffolk County Dept. of Social Servs.,* — US —, 113 S Ct 217). Although the Family Court Act requires a dispositional hearing, we find that Family Court did not abuse its discretion by not holding a formal hearing under the circumstances, the parties waived the hearing, the court had timely information to make a reasoned decision and the record leads inescapably to the conclusion that the children's best interests dictate the result reached *(see, Matter of Michelle S. [Kathy S.],* 195 AD2d 721).

Respondent contends that Family Court abused its discretion by allowing an inordinate delay in holding hearings despite the statutory requirement of priority where children are removed *(see,* Family Ct Act § 1049). The children were removed without visitation by order dated January 24, 1992. The fact-finding hearing commenced in March 1992 and concluded in March 1993 with a five-month gap. We note that the children have been in petitioner's custody since 1990 by stipulation of the parties. In light of this longstanding separation agreed to by respondent and respondent's lack of effort in complying with reunification plans, we find no abuse of Family Court's discretion in its scheduling of this matter.

Respondent also urges that the evidence presented during the fact-finding hearing was insufficient to sustain the allegations of sexual abuse by a preponderance of the evidence. We disagree. The children's unsworn out-of-court statements of respondent's sexual abuse of them were not only consistent with each other, but their in-court testimony was consistent with statements made to foster parents, physicians and other professionals involved in the case. The testimony of sexual abuse by the children was corroborated by the testimony of pediatrician Ira Weissman and psychotherapist Christine Venery, who both concluded that the children were sexually abused *(see, Matter of Nicole V. [Lawrence V.],* 71 NY2d 112, 121). Further, the testimony of a former foster mother concerning blood on one child's underwear and the finding of injuries on the child which would not ordinarily occur without sexual contact is prima facie evidence of abuse *(see,* Family Ct Act § 1046 [a] [ii]). Family Court's resolution of credibility questions is entitled to deference on review and should not be disturbed unless it lacks a sound and substantial basis *(see, Matter of Daniel R. v Noel R.,* 195 AD2d 704, 707). We find the court's decision to be supported by a preponderance of the evidence in this record.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.