■ In the Matter of SARAH PP. and Others, Children Alleged to be Abused and/or Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JACK QQ. et al., Appellants. [622 NYS2d 1004] —Mercure, J. P. Appeals from two orders of the Family Court of Ulster County (Work, J.), entered June 14, 1993, which, *inter alia,* partially granted petitioner's applications, in proceedings pursuant to Family Court Act article 10, to adjudicate Sarah PP. to be an abused and neglected child.

In August 1990, Sarah PP., then 13 years old, made allegations that she had been sexually abused over the course of the previous four years by respondent Jack QQ., the live-in boyfriend of her mother, respondent Debra PP. Petitioner commenced these proceedings, *inter alia,* charging the boyfriend with abuse and neglect and the mother with derivative abuse and neglect of Sarah. Following fact-finding and dispositional hearings, Family Court found respondents guilty of the charges filed with respect to Sarah. It placed Sarah in petitioner's custody for a period of one year, directed that the mother be placed under petitioner's supervision and that she participate in counseling and have no contact with Sarah except upon the recommendation of mental health therapists, and ordered that the boyfriend have no contact with Sarah until her 18th birthday. Respondents now appeal.

We reject the contention that Family Court's findings of abuse and neglect were not supported by a preponderance of the credible evidence *(see,* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112, 117). Sarah, 14 years old at the time of the hearing, gave very detailed and credible testimony concerning the circumstances surrounding the boyfriend's frequent acts of sexual contact, sexual intercourse and deviate sexual intercourse with her, beginning when she was in the third grade and continuing into July 1990. This testimony was of itself sufficient to establish respondents' guilt *(see, Matter of Nicole T.,* 178 AD2d 849) and was also consistent with Sarah's

out-of-court statements and corroborated by Sarah's psychological therapist who, based on her 25 therapy sessions with Sarah, noted that she displayed the usual symptoms evidenced by sexually abused children and concluded that she had been sexually abused.

As for the charges against the mother, the testimony established that substantially all of the sex acts took place in the living room of the parties' small trailer home when the mother was in the nearby bedroom, providing an adequate basis for Family Court's finding that she knew or should have known of the abuse and made no effort to protect Sarah from it. Further, Sarah reported to her therapist that on one occasion the mother threatened to "kill" her if she did not continue to make the boyfriend "happy". Although respondents testified that there had been no sexual abuse of Sarah and they presented a plausible motive for Sarah to fabricate her story, giving due deference to Family Court's resolution of the sharp credibility issue and its thoughtful and detailed factual findings, we perceive no basis for disturbing its determination (see, Matter of Gladys H., 206 AD2d 606; Matter of Daniel R. v Noel R., 195 AD2d 704, 707).

Respondents' remaining contentions have been considered and found to lack merit.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.