■ In the Matter of SHANNON K. et al., Children Alleged to be Abused and Neglected. MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAUL K., Appellant. [635 NYS2d 751] —Cardona, P. J. Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered July 19, 1994, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and adjudicated one of respondent's children to be abused and neglected.

In November 1993, petitioner commenced this proceeding seeking, *inter alia*, to adjudicate respondent's youngest daughter, born in 1983, to be abused and neglected. According to the petition, respondent, *inter alia*, sexually abused the child by fondling her vaginal area, which "occurred at least once while [the] child was bathing". A fact-finding hearing was held at which respondent testified, expert testimony was produced by both sides and the child testified in camera. Thereafter, Family Court concluded that respondent did fondle the child's vaginal area in a manner designed to promote sexual gratification for himself and adjudicated the child to be both abused and neglected. Respondent appeals.

We have examined respondent's arguments that the sexual abuse charges were not proven by a preponderance of the evidence and find them to be unpersuasive (*see, Matter of Julissa II.*, 217 AD2d 743; *Matter of Sarah PP.*, 213 AD2d 749). Despite the fact that the allegations occurred five years prior to the subject proceedings, the child's account of the sexual touching by respondent was consistent in all material aspects and was corroborated by not only the child's in camera testimony, but also by the testimony of the caseworker who interviewed her and the two experts who testified. Notably, both experts, including that of respondent, stated that the child's statements and behavior were consistent with those of a child who had been sexually abused. In addition, petitioner's expert psychotherapist opined that the child had been sexually abused. We find the evidence sufficient to support Family Court's finding that the child was sexually abused and that respondent was the perpetrator.

Respondent contends that there was no proof that the alleged touching was of a sexual nature or for the purpose of gratifying sexual desire (see, *Matter of Michael M.*, 156 Misc 2d 98). However, unlike the situation in *Matter of Michael M.* (*supra*), respondent denied ever engaging in the alleged conduct and, in any event, there can be no innocent explanation for the conduct respondent was found to have committed by Family Court "which involved the deviate touching of [the child's] genitalia" (*Matter of Olivia YY.*, 209 AD2d 892). Thus, the sexual gratification element can be inferred from the conduct itself (see, *supra*).

As a final matter, it is true that Family Court did not specify under which subdivision of Family Court Act § 1012 (e) the abuse was found as well as the particular sex offense perpetrated upon the child as defined in Penal Law article 130 as required by statute (see, Family Ct Act § 1051 [e]). Based on the record before us, however, we find the defects technical in nature and harmless (see, *Matter of Nichole L.*, 213 AD2d 750, *lv denied* 86 NY2d 701). In light of the child's age at the time of the contact (less than 11 years old) and Family Court's detailed factual findings, we find that the specific offense could only be sexual abuse in the first degree (see, Penal Law § 130.65 [3]; see also, *Matter of Ashley AA.*, 212 AD2d 937). We have considered and rejected as unpersuasive respondent's remaining arguments.

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.