■ In the Matter of CHILD PROTECTIVE SERVICES, on Behalf of DARNELL Mc. and Others, Children Alleged to be Abused and Neglected, Appellant. LIONEL D., Respondent. [645 NYS2d 881] —In three consolidated proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Trainor, J.), entered March 31, 1995, which, after a fact-finding hearing, dismissed the proceedings.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, it is determined that the respondent sexually abused Darnell Mc. during the period from September 1991 until February 1992, and is guilty of neglect of Tanilla T. and Charles T., by virtue of his abuse of Darnell Mc.; and it is further,

Ordered that the matter is remitted to the Family Court, Suffolk County, for a dispositional hearing before a different Judge.

We find that Darnell Mc., during the period from September 1991 until February 1992, was sexually abused by the respondent, while the respondent was living with Darnell's mother and two younger siblings, Tanilla T. and Charles T. The respondent's conduct with respect to Darnell demonstrated a fundamental defect in his understanding of the duties of

parenthood *(see, Matter of Jessica G.,* 200 AD2d 906; *Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr.,* 191 AD2d 694), and therefore established his derivative neglect with respect to Darnell's siblings, Tanilla T. and Charles T.

Darnell described the sexual abuse in explicit detail in October 1993 to his foster mother and two employees of the Suffolk County Department of Social Services. Thereafter, he gave a similar account to his therapist, and a validator. The validator noted that Darnell's statements with respect to the sexual abuse were relatively consistent, and that Darnell was "open and honest". Darnell exhibited behaviors characteristic of a sexually abused child by acting out in a sexually inappropriate manner, demonstrating an awareness of sexual language and terminology well beyond what was expected of a child his age, and showing aggression towards his peers and younger children. Owing to Darnell's chaotic early childhood, the validator could not rule out other causes of the behavior. However, the validator concluded that if Darnell was an abused child, the respondent was the most likely perpetrator of the abuse.

During the fact-finding hearing, Darnell was examined in camera, with the parties' lawyers present, and again described the sexual abuse in explicit terms. The respondent's attorney was given an opportunity to cross-examine Darnell, but declined to ask any questions.

Thus, Darnell's out-of-court statements were corroborated by his in-court statements, which were subject to cross-examination *(see, Matter of Christina F.,* 74 NY2d 532; *Matter of Jessica G.,* 200 AD2d 906). Further, the validator's testimony, although not conclusive, lent further credibility to Darnell's assertions *(see, Matter of Nicole V.,* 71 NY2d 112; *Matter of Linda K.,* 132 AD2d 149; *see also, Matter of Commissioner of Social Servs. of City of N. Y. [Shevonne S.],* 188 AD2d 528).

The respondent's testimony, on the other hand, was in direct conflict with the testimony of other witnesses, was self-contradictory, and was totally unworthy of any credence.

In its oral decision finding that the allegations of sexual abuse were not proven, the Family Court held: (1) Darnell's mother was a "missing witness" whom the petitioner failed to call to testify, (2) "[n]o one ever bothered" to seek a physical examination of Darnell, and (3) Darnell's foster mother questioned Darnell about the abuse for a year before Darnell accused the respondent of the abuse. However, Darnell's mother cannot be deemed a "missing witness" since testimony

from her that Darnell informed her of the abuse, and that she did nothing, would have been incriminating to her *(see, People v Rodriguez,* 38 NY2d 95, 100; *People v Panzardi,* 213 AD2d 1067). Further, the petitioner did seek court authorization for a medical examination of Darnell from another Family Court Judge, but that request was denied. Moreover, the incident which brought the abuse to light, in which Darnell was discovered naked under the covers with another child, occurred in October 1993. The evidence indicated that the foster mother's inquiry as to where Darnell learned this inappropriate sexual behavior occurred promptly thereafter, and the petitions were filed shortly thereafter, on October 22, 1993.

The Family Court further found that Darnell was unworthy of belief, because he was disruptive during his interviews with the validator, and "has some emotional problems". Darnell also exhibited less than exemplary decorum during the in-camera interview, resulting in a reprimand by the court for chewing gum. However, since Darnell was only seven-years-old at the time of the hearing, and found himself in an uncomfortable situation, his behavior was understandable, and did not warrant discrediting his account.

Accordingly, the order appealed from is reversed, the allegations in the petitions are sustained, and the matter is remitted to the Family Court, Suffolk County, for a dispositional hearing before a different Judge. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.