■ In the Matter of KYMBERLEE P. and Others, Children Alleged to be Abused and/or Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SCOTT P., Appellant. [647 NYS2d 238] —In a proceeding pursuant to Family Court Act article 10, the father appeals from a dispositional order of the Family Court, Orange County (Slobod, J.), entered November 30, 1994, which, upon a fact-finding order of the same court, also entered November 30, 1994, finding that the father had sexually abused one of his children and neglected all three of his children, directed, *inter alia,* that the father could have no contact with his children while he attended sex offenders therapy. The appeal from the dispositional order brings up for review the fact-finding order entered November 30, 1994.

Ordered that the dispositional order is reversed, on the law and the facts, with costs, the fact-finding order is vacated, and the petition is dismissed.

The appellant, the father of three children, contends that the Family Court's findings of abuse and neglect were not sufficiently supported by the record (*see,* Family Ct Act § 1046 [b] [i]). We agree. Family Court Act § 1046 (a) (vi) provides that in a child protective proceeding under Family Court Act article

10, a child's out-of-court statements describing sexual abuse may be corroborated by any other evidence tending to support the reliability of the previous statements. Characterizing as an "admission" the father's sworn, written statement made to the police after he was confronted with his estranged wife's allegations that he had sexually abused his youngest child, the Family Court used the statement as the sole corroborating evidence for the child's out-of-court statement (see, Family Ct Act § 1046 [a] [vi]).

However, the statement was not, as the respondent contends, a confession of guilt, since it did not indicate that the father had purposefully engaged in an act of sexual conduct with the child (see, Matter of Shannon K., 222 AD2d 905; see also, Matter of Olivia YY., 209 AD2d 892; People v Beecher, 225 AD2d 943; Matter of Michael M., 156 Misc 2d 98, 101). Moreover, the child's statements did not specifically indicate abuse, and the respondent failed to offer either medical or forensic evidence to support a finding of sexual abuse. In the absence of reliable evidence to the contrary, it cannot be fairly stated that the father's statement "tend[ed] to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]).

The court's finding that the three children were neglected, which was derived solely from its finding that the youngest child was sexually abused (Family Ct Act § 1046 [a] [i]; see, Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr., 191 AD2d 694), is also unsupported by the evidence.

In light of the foregoing, it is unnecessary to reach the appellant's remaining contentions. Thompson, J. P., Joy, Altman and Hart, JJ., concur.