■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of KANISHA W. and Another, Children Alleged to be Abused and Neglected, Respondent. DAVID G., Appellant. [649 NYS2d 720] —In a child protective proceeding pursuant to Family Court Act article 10, David G. appeals from (1) an order of fact-finding, disposition, and protection of the Family Court, Queens County (Lauria, J.), dated May 31, 1995, which, after a fact-finding hearing, found that he sexually abused Kanisha W., placed Kanisha W. in the custody of her maternal aunt under the supervision of the Commissioner of Social Services for a period of 12 months, and directed that he have no contact with Kanisha W. until her twenty-first birthday, and (2) an or-

der of fact-finding and disposition of the same court, also dated May 31, 1995, which, after a fact-finding hearing, found that he derivatively neglected DeJuan G. and ordered supervised visitation between the child and him.

Ordered that the order of fact-finding, disposition, and protection is modified by deleting the provision thereof which directed that the appellant have no contact with Kanisha W. until her twenty-first birthday and substituting therefor a provision directing that the appellant have no contact with Kanisha W. until her eighteenth birthday; as so modified, the order of fact-finding, disposition, and protection is affirmed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court's determinations that Kanisha W. was sexually abused and that DeJuan G. was neglected were supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112, 117). Kanisha W.'s sworn in-court testimony regarding the sexual abuse the appellant inflicted upon her sufficiently corroborated her out-of-court statements (*see, Matter of Christina F.,* 74 NY2d 532; *see also, Matter of Child Protective Servs. [Darnell Mc.],* 230 AD2d 733; *Matter of Sarah PP.,* 213 AD2d 749; *Matter of Nicole T.,* 178 AD2d 849; *Matter of Diana D.,* 218 AD2d 697). Under Family Court Act § 1056 (4), however, an order of protection may extend only to the child's eighteenth birthday.

The appellant's conduct with respect to Kanisha W. demonstrated his fundamental misunderstanding of the duties of parenthood and therefore established his derivative neglect with respect to DeJuan G. *(see, Matter of Child Protective Servs. [Darnell Mc.], supra).* Contrary to appellant's contention, the Family Court issued an order of supervised visitation regarding DeJuan G. for a stated time period. Santucci, J. P., Joy, Krausman and Florio, JJ., concur.