■ In the Matter of NICOLE G., a Child Alleged to be Neglected. RAUL G., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. (Proceeding No. 1.) In the Matter of CHRISTOPHER G., a Child Alleged to be Neglected. RAUL G., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. (Proceeding No. 2.) In the Matter of JASMIN G., a Child Alleged to be Neglected. RAUL G., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. (Proceeding No. 3.) In the Matter of RAUL R., a Child Alleged to be Neglected. RAUL G., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. (Proceeding No. 4.) [711 NYS2d 908] —In a child abuse proceeding and three related child neglect proceedings pursuant to Family Court Act article 10, the appeals are from (1) an order of disposition of the Family Court, Queens County (Berman, J.), entered March 26, 1998, which, upon a fact-finding order of the same court dated December 22, 1997, made after a hearing, finding that the father had abused his daughter Jasmin G., *inter alia,* directed that Jasmin remain in the custody of her mother for 12 months, and that he have no contact with Jasmin during the dispositional period, and (2) from three

orders of the same court entered March 26, 1998 (one as to each of the three remaining children), which, upon three fact-finding orders of the same court dated December 22, 1997, finding that the father had derivatively neglected his son Raul R., his son Christopher G., and his daughter Nicole G., *inter alia*, directed that the children remain in the custody of their respective mothers for 12 months supervised by the Administration for Children's Services. The appeals bring up for review the fact-finding orders dated December 22, 1997.

Ordered that the appeals from those provisions of the orders entered March 26, 1998, as, *inter alia*, placed the children with their respective mothers for a period of 12 months under the supervision of the Administration for Children's Services are dismissed, without costs or disbursements; and it is further,

Ordered that the orders entered March 26, 1998, are affirmed insofar as reviewed, without costs or disbursements.

The Family Court's determination that Jasmin was abused is supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112, 117). Since the appellant's conduct towards Jasmin demonstrated a fundamental defect in his understanding of the duties of parenthood, the Family Court properly found derivative neglect with respect to other children, Raul R., Christopher G., and Nicole G. (*see, Matter of Commissioner of Social Servs. [Eudene P.] v Clayton F.,* 242 AD2d 329; *Matter of Commissioner of Social Servs. [Kanisha W.],* 233 AD2d 325; *Matter of Child Protective Servs. [Darnell Mc.],* 230 AD2d 733).

The appellant's challenge to the orders of disposition is academic in that the one-year placement period has expired (*see, Matter of Danielle C.,* 253 AD2d 431). In any event, the appellant consented to the terms of these orders and therefore is not aggrieved thereby (*see,* CPLR 5511; *Matter of Child Welfare Admin. [John R.] v Jennifer A.,* 218 AD2d 694, 695). O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.