In the Matter of SANDRA S. and Others, Children Alleged to be Abused. [600 NYS2d 538] —Order unanimously reversed on the law without costs and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Family Court abused its discretion when it failed to give corroborative effect to respondent's admission of sexual abuse. The court's implicit determination that the confession was not voluntarily made and, therefore, was not worthy of belief, is not supported by the record. Respondent, an experienced veteran of the criminal justice system, voluntarily submitted to three interviews with the police over an eight-day period. Respondent maintained his innocence until the third interview when, upon being informed that he had failed a polygraph test, he admitted that, while babysitting his four-year-old and two-year-old stepdaughters, who were crying, he told the four-year-old, "I ought to give you something to put in your mouth," unzipped his pants and took out his penis. Respondent said that, after the four-year-old grabbed his penis, he came to his senses and pushed her hand away. He said that he then hugged her and apologized, and told her not to tell anyone what had happened. The court found that, when respondent gave the statement to the investigating officer, he had not been *Mirandized,* that he believed that he was in custody, and that, unless he gave the statement, "he would not be free to go free." Respondent testified, however, that he made the statement because the officer told him that he would not go to jail and would instead get counseling; he testified that the officer did not state that respondent would not be released from custody until he gave a statement, but rather, "that is the impression [he] got." Even assuming arguendo that criminal law standards apply to an article 10 proceeding under the Family Court Act, which is a civil proceeding, the court's conclusion that respondent was in custody was not supported by the

testimony of respondent. The legal test, what a reasonable person innocent of a crime would have believed *(People v Yukl,* 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851), clearly was not met. The fact that the officer told respondent after a polygraph examination that he believed respondent was being deceptive does not render the statement involuntary *(see, People v Melendez,* 149 AD2d 918). Thus, there is no basis in the record to disregard it. That statement corroborated his stepdaughter's unsworn allegations of sexual abuse *(see,* Family Ct Act § 1046 [a] [vi]), and was sufficient to establish by a preponderance of the evidence that respondent had abused the child *(see,* Family Ct Act § 1046 [b] [i]; *Matter of Margaret W.,* 83 AD2d 557, *lv denied* 54 NY2d 609; *see also, Matter of Nicole V.,* 71 NY2d 112, 119). The evidence further established that respondent neglected his other stepdaughter and daughter. His conduct "demonstrated a fundamental defect in his understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of the [children] as well" *(Matter of Lynelle W.,* 177 AD2d 1008, 1009). The matter is remitted to Family Court for a dispositional hearing. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Child Abuse.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.