■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY LEE BROOKS, Appellant. [648 NYS2d 411] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to suppress physical evidence seized from him at the time of his arrest. The record supports the court's finding that an occupant of the apartment in which defendant was arrested consented to the officers' entry. In moving to suppress, defendant failed to challenge the arrest upon the ground that the Federal warrant did not authorize the local officers to arrest him. Thus, defendant failed to preserve that issue for appellate review (*see,* CPL 470.05 [2]; *People v Claudio,* 64 NY2d 858), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Moreover, defendant failed to include the warrant and teletype in the record, thereby precluding our review of that issue (*see, People v Robinson,* 225 AD2d 1095, *lv denied* 88 NY2d 884).

During the plea colloquy, defendant admitted that he resisted arrest and that he possessed crack cocaine with the intent to sell it, thereby waiving his challenge to the sufficiency of the evidence supporting his convictions (*see, People v Pelchat,* 62 NY2d 97, 108). We reject the contention that the sentence imposed is unduly harsh or severe. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Lawton, Wesley, Callahan and Balio, JJ.