■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HYMAN ABRAMS, Appellant. [649 NYS2d 5] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered May 23, 1995, convicting defendant, after a jury trial, of sodomy in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of 2 to 6 years and 1 to 3 years, respectively, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in a light most favorable to the People and giving them the benefit of every reasonable inference (*People v Contes*, 60 NY2d 620), the evidence was legally sufficient to support every element of the crimes charged, including the element of forcible compulsion. Moreover, the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The testimony of the emergency room doctor that the complainant's behavior after the attack was common among victims of a sexual assault was properly admitted into evidence (*see, People v Bennett*, 79 NY2d 464, 473, explaining *People v Taylor*, 75 NY2d 277), despite the fact that the doctor was never qualified as an expert. There is no requirement that a trial court formally "certify" a witness as an expert (*People v Gordon*, 202 AD2d 166, 167, *lv denied* 83 NY2d 911), and here, defense counsel did not object to the court's failure to qualify the doctor.

Since defense counsel never requested any limiting instructions with respect to the testimony concerning the rape trauma syndrome, nor objected to the court's charges on forcible compulsion, defendant's current challenges to the failure to provide such instruction and to the charge given have not been preserved for appellate review (CPL 470.05 [2]), and we decline to review in the interest of justice. In any event, the court's charge, viewed as a whole, properly conveyed the applicable principles of law.

Defendant's contention that his trial counsel was ineffective is not reviewable since it is based on facts dehors the record and trial counsel has had no opportunity to explain his trial tactics (*People v Brown*, 45 NY2d 852, 853-854). Based on the

existing record, however, viewed in totality and as of the time of representation, counsel provided meaningful representation (*People v Baldi*, 54 NY2d 137). The actions of trial counsel now challenged by defendant on appeal were consistent with the theory of defense advanced through defendant's own testimony.

Defendant's sentence, constituting the minimum mandated by statute, was neither excessive nor unconstitutional.

We have considered defendant's remaining contention and find it to be both unpreserved and without merit. Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.