■ In the Matter of DANIELLA HH. and Another, Children Alleged to be Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; EILEEN JJ., Respondent. [654 NYS2d 200] —Spain, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered February 16, 1996, which partially dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, and adjudicated one of respondent's children to be neglected.

In November 1995, petitioner filed a neglect petition pursuant to Family Court Act article 10 alleging that respondent neglected her two children, Daniella HH. (born in 1994) and Max II. (born in 1995). The petition alleged, *inter alia*, that in mid-November 1995 respondent brought Max to a local hospital emergency room suffering from severe dehydration, acutely toxic high sodium levels and malnutrition; he was subsequently diagnosed as suffering from nonorganic failure to thrive. The petition also alleged that respondent had unstable housing and had been offered services in the past but failed to cooperate and, further, that respondent admitted feeling stressed and overwhelmed by the care of her two children and feared that she might hurt Daniella and that she was not safe in her care.* After a fact-finding hearing, Family Court found that respondent neglected Max by failing to provide adequate medical care for him, but found the evidence presented at the hearing was insufficient to show that Daniella had been neglected; the court dismissed that portion of the petition pertaining to Daniella. Petitioner now appeals from that part of Family Court's order which dismissed its application to adjudicate Daniella as a neglected child.

We affirm. Although Family Court failed to set forth the reasoning on which it based its decision, upon our review of the

---

* Prior to the petition being filed, respondent consented to the temporary removal of the children pursuant to Family Court Act § 1021.

record we agree that the evidence adduced at the hearing was insufficient to support a finding that Daniella was a neglected child. Significantly the record reveals that the hearing was primarily focused on respondent's neglect of Max. Although respondent told a mental health evaluator that she gets stressed out and could hit Daniella, the evaluator testified that respondent stated that she would never harm Daniella nor had she ever struck her. Further, respondent's testimony that she told a caseworker she would harm her daughter was contradicted by her subsequent testimony that she would never harm her daughter and that she no longer feels the frustration she once felt. In explaining the contradiction respondent stated that she was confused when initially questioned in the waiting room at the hospital; notably, no testimony or evidence was introduced that respondent ever physically or emotionally harmed Daniella. Moreover, there is absolutely no evidence in the record of any medical or emotional problems or needs with respect to Daniella.

It is beyond cavil that the hearing court's determination regarding the credibility of a witness is entitled to great deference and will only be disturbed in the absence of a basis in the record (see, Matter of Guy UU., 200 AD2d 852; Matter of Esther CC., 194 AD2d 949). Here, the limited testimony elicited at the hearing regarding the alleged neglect of Daniella was not consistent and Family Court had a superior vantage point from which to determine the credibility of the witnesses. In our view, the record supports Family Court's determination regarding the absence of any direct evidence that respondent neglected Daniella.

Next, we reject petitioner's contention that Max's medical condition when he was admitted to the hospital is compelling evidence of respondent's gross and profound neglect of Daniella. Although Family Court Act § 1046 (a) (i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected (see, Matter of Christina Maria C., 89 AD2d 855), the statute does not mandate a finding of derivative neglect (see, Matter of Rasheda S., 183 AD2d 770). Derivative findings of neglect should be entered where the evidence as to the child found to be neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in respondent's care (see, Matter of Vincent M., 193 AD2d 398, 404; see also, Family Ct Act § 1012 [f] [i]).

The record reveals that Max, unlike his sister, had health

problems from the time of his birth; he was a problem eater, had a formula intolerance, and suffered from both nasal congestion and mild gastroesophageal reflux. The record further reveals that upon admission to the hospital Max was extremely ill and was suffering from nonorganic failure to thrive. Although Max's condition properly supported a finding that he was a neglected child, in our view his condition does not support a finding of derivative neglect regarding Daniella. Further, given the credibility determinations made by Family Court, the record does not support a finding that respondent suffered from a fundamental defect in her understanding of parenting, nor does it support a finding that respondent will place Daniella in substantial risk of harm (cf., Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr., 191 AD2d 694; see also, Matter of Rasheda S., supra; Matter of Lynelle W., 177 AD2d 1008). Notably, Family Court specifically acknowledged that it was cognizant of Family Court Act § 1046 (a) (i) in reaching its conclusion. Accordingly, we will not disturb Family Court's order.

White, J. P., Casey and Carpinello, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. Even noting "that great deference will be accorded to * * * factual findings made by Family Court which had direct observation of and access to the parties and the professionals who testified * * * [which will] not [be] disturb[ed] * * * on appeal unless we find that they lack a sound and substantial basis in the record" (Matter of Angelina AA., 211 AD2d 951, 952, lv denied 85 NY2d 808), to accord such deference here mandates reversal since the court only detailed factual findings which supported petitioner's contentions and failed to detail those which formed the basis of its determination that Daniella HH. was not a neglected child (see, Matter of Jose L. I., 46 NY2d 1024, 1025). Our examination of the record reveals a quantum of evidence which clearly preponderates in favor of a finding of neglect (see, Family Ct Act § 1046 [b]) with respect to the child Daniella (see, Family Ct Act § 1012 [f] [i] [B]).

In its own decision, Family Court found, by crediting the testimony of Mary Beth McManus, the child protective caseworker, and Ann Dillon, mental health evaluator for the Department of Social Services, that respondent was "overwhelmed, frustrated and without the physical, emotional and financial resources to care for two very young children, one of whom has special needs". The court credited the statements made by respondent to petitioner's employees that "she sometimes felt that she would hurt her daughter Daniella and

[that] she expressed suicidal ideations". Finally, the court found the evidence to "reveal[ ] that over the last six months [respondent] has resided in several temporary locations, none of which were ideal for the children * * * [and] that * * * [she] had a low frustration tolerance and a great deal of pent up anger, without possessing the necessary coping mechanisms to deal with these problems".

At trial, respondent admitted that she had refused preventive services after an "indicated" report was made concerning Daniella and confirmed that she stated to McManus that she felt that she could have hurt her. Even when it was explained that an application was going to be made for the removal of Max II. and that she might be able to have Daniella at home while a service plan was devised and implemented, respondent still felt that Daniella's "best interests" would not be served by her remaining with her since she continued to be fearful that she could hurt her. Finally, the record revealed that this anger and frustration continued even after Daniella's removal.

Upon examination of the record and the factual findings made by the Family Court, coupled with the finding of neglect made with respect to the child Max and the reasons underlying that determination, I conclude that the Family Court erred when it failed to find that respondent posed an imminent threat to Daniella's "physical, mental or emotional condition" (see, Family Ct Act § 1012 [f] [i] [B]; § 1012 [h]; § 1046 [a]; *Matter of Stephanie WW.*, 213 AD2d 818; *Matter of Tammie Z.*, 105 AD2d 463, *affd* 66 NY2d 1).

Accordingly, I would modify that portion of the order which dismissed that portion of the petition brought pursuant to Family Court Act article 10 as it pertained to the child Daniella, reinstate it, adjudicate said child to be neglected and remit the matter to Family Court for a dispositional hearing. Ordered that the order is affirmed, without costs.