■ In the Matter of STEPHANIE B., a Child Alleged to be Abused. KEITH B., Appellant; ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [667 NYS2d 174] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from two orders of Family Court, one adjudicating Stephanie B. an abused child and the other adjudicating Zachary B. a neglected child. He contends that the determinations of the court are not supported by sufficient evidence and that the court erred in refusing to admit polygraph evidence.

It is well settled that a finding that a child has been abused or neglected pursuant to article 10 of the Family Court Act must be supported by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1). The determination of Family Court is entitled to great weight and should not be disturbed "unless clearly unsupported by the record" (*Matter of Commissioner of Social Servs. of City of N. Y. [Shevonne S.]*, 188 AD2d 528, 529). This is particularly so when there is no physical evidence of the abuse and when the only evidence is testimonial and rests upon the court's determination of the credibility of the witnesses (*see, Matter of Orange County Dept. of Social Servs. [Frank T.]*, 215 AD2d 562, 563).

Where, as here, the allegedly abused child has provided out-of-court statements relative to the abuse, such statements are admissible under the statutory exception to the hearsay rule in Family Court Act § 1046 (a) (vi), so long as there is corroboration. The "in camera unsworn but cross-examined testimony" of Stephanie constituted such corroboration (*Matter of Christina F.*, 74 NY2d 532, 535; *see, Matter of Brandy J.*, 236 AD2d 894).

We conclude that the determinations that Stephanie was sexually abused and that Zachary was neglected by respondent are amply supported by the evidence (*see, Matter of Brandy J., supra*).

We also conclude that the court properly refused to admit polygraph evidence. Such evidence is not sufficiently reliable to be admissible (*see, Matter of Erick R.*, 166 AD2d 161, 162, *lv denied* 77 NY2d 802; *Matter of Aryeh-Levi K.*, 134 AD2d 428, 429). (Appeal from Order of Herkimer County Family Court, LaRaia, J.—Abuse.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.