■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY B. HIGHSMITH, Appellant. [679 NYS2d 758] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contentions that County Court committed reversible error in submitting an annotated verdict sheet to the jury and that the court abused its discretion in closing the courtroom during the testimony of an undercover officer (*see, People v Highsmith,* 248 AD2d 961, *lv denied* 91 NY2d 1008). The contentions of defendant that he was denied effective assistance of counsel and a fair trial as a result of prosecutorial misconduct likewise lack merit. We further conclude that the sentence is neither unduly harsh nor severe.

By failing to object, defendant failed to preserve for our review his contention that the court improperly allowed four prosecution witnesses to proffer expert opinion testimony (*see,* CPL 470.05 [2]; *People v Bonaventure,* 251 AD2d 422; *People v Champion,* 247 AD2d 901, *lv denied* 91 NY2d 971). In any event, the contention lacks merit. There is no requirement that the court formally certify a witness as an expert (*see, People v Williams,* 248 AD2d 118; *People v Abrams,* 232 AD2d 240, *lv denied* 88 NY2d 1066), and each of the witnesses was properly qualified as an expert. We therefore reject defendant's contention, based on the alleged improper admission of opinion testimony, that the verdict is not supported by legally sufficient evidence. We further conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

By failing to object to the jury charge, defendant failed to preserve for our review his contention that the court usurped the jury's fact-finding function by instructing the jury that defendant resided at the address where the drugs were found (*see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant contends that the court erred in admitting into evidence audio and video tapes concerning various drug transactions because there was a lack of voice identification, the People failed to furnish him with a copy of the eavesdropping warrant within 15 days of the indictment (*see,* CPL 700.70) and the court did not issue an order sealing the tapes (*see,* CPL 700.50 [2]). By failing to object to the admission of the tapes on those grounds, defendant failed to preserve his contention for our review (*see,* CPL 470.05 [2]; *People v Osuna,* 65 NY2d 822, 824). Moreover, facts essential to a resolution of the statutory grounds lie outside the record, and the contention is not properly before us (*see, People v McGhan,* 236 AD2d 883). Defendant also failed to preserve for our review his contention that the court erred in allowing a video tape to be shown to the jury without the audio portion. Although defendant initially objected to the admission of the tape because it was inaudible, the court agreed that it was inaudible and directed that it be played to the jury without the audio portion. When the court asked whether defendant objected to playing the tape without the audio portion, defense counsel requested a limiting instruction that the jury should not speculate regarding what was said during the events depicted on the tape. The

court gave that instruction. In any event, any error in the admission of the tape is harmless. Proof of defendant's guilt is overwhelming, and there is no significant probability that, absent the error, defendant would have been acquitted (*see, People v Crimmins*, 36 NY2d 230, 242). Because defendant failed to include the relevant motion papers and essential documents in the record, this Court is unable to review his contentions that his postarrest statements and evidence seized during the execution of a search warrant should have been suppressed (*see, People v Brooks*, 231 AD2d 867, *lv denied* 89 NY2d 862; *People v Ortiz*, 227 AD2d 902) and that he was denied his constitutional and statutory rights to a speedy trial (*see, People v Velez*, 223 AD2d 414, *lv denied* 88 NY2d 855; *People v Calderon*, 223 AD2d 380, 381, *lv denied* 87 NY2d 1017). (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.