■ In the Matter of ROBERT H. and Another, Children Alleged to be Abused. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS H., Appellant. [681 NYS2d 887] —White, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.H.O.), entered June 27, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected and/or abused.

At the conclusion of the fact-finding hearing in this Family Court Act article 10 proceeding, Family Court found that respondent and his wife had neglected their two children and that respondent had sexually abused his son (hereinafter the victim), born in 1986. On this appeal, we are concerned solely with respondent's claim that the latter finding is not supported by a preponderance of the evidence.

On April 12, 1996, petitioner received a hotline report from the State Child Abuse and Maltreatment Registry that there was child pornography in respondent's home and that he was going to bed with his children. A male caseworker interviewed

the victim who, other than expressing a desire to live with his mother,[1] did not make any disclosures regarding sexual abuse. Nonetheless, the caseworker arranged to have the victim interviewed by a caseworker experienced in sexual abuse interviewing. The victim revealed to this female caseworker that respondent, while nude and with an erection, would get into his bed and, on one occasion in 1994 when he woke up, respondent was touching his penis. The victim also related that when he was three or four years of age, respondent, while nude with an erection, was in the bathtub with him. However, when the victim was interviewed by a male police officer he made no such allegations.

Following these initial interviews, the victim began weekly treatments with a female mental health therapist. To her, the victim repeated his allegations that respondent would get into bed with him and would fondle him in the bathtub, stating that once respondent pushed the victim's buttocks against his erection. The therapist testified that the victim has continued to make these allegations against respondent and that they have remained consistent over time. Although the victim repeated these allegations to a female sex abuse validator, she could not substantiate them but did note that "there can be little doubt [the victim] has been significantly traumatized by either experiencing or hearing about sexual behavior against a child firsthand". In his sworn testimony, the victim repeated the allegations he made to the female caseworker and mental health therapist. Respondent categorically denied the allegations against him, suggesting they were raised to prevent him from gaining custody of the children.

In assessing this record, Family Court found that the victim's testimony and out-of-court statements were more credible than respondent's testimony. While respondent takes issue with this assessment, we accord it great weight and will not disturb Family Court's determination unless it is clearly unsupported by the record, particularly in cases like this where the witnesses' credibility is the determinative factor since the only evidence is testimonial (*see, Matter of Stephanie B.*, 245 AD2d 1062; *Matter of Kathleen OO.*, 232 AD2d 784). Our review of the record shows that the victim's out-of-court statements and

---

1. At the time of this proceeding, respondent and his wife were also involved in a custody proceeding.

his sworn testimony[2] corroborating them (2 Carrieri-Lansner, NY Civ Prac Family Ct Proceedings § 31.10 [7] [e]) were consistent in their basic details, varying only as to dates. While respondent emphasizes the victim's failure to make any disclosures to the male authority figures who interviewed him, there is evidence that his silence is attributable to his difficulty in relating to males due to his confusion over his own sexual identity. Given the fact that the allegations against respondent arose in tandem with a custody dispute, we carefully examined the record for indications that the victim was being manipulated or prevaricating, and found none (*compare, Matter of Erinn G.*, 249 AD2d 879). Accordingly, we affirm Family Court's order as the preponderance of the evidence shows that respondent engaged in acts constituting the crime of sexual abuse in the first degree.[3]

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** We again point out that the transcript of a *Lincoln* hearing should be sealed and made available only to this Court and not, as here, included in the record (*see, Matter of Sellen v Wright*, 229 AD2d 680, 681, n 2).

**3.** Because Family Court did not make this required finding (Family Ct Act § 1051 [e]), we have exercised our authority to do so (*see, Matter of Ashley AA.*, 212 AD2d 937).