■ In the Matter of KAITLYN R. and Others, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEATHER S., Appellant. [700 NYS2d 533] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered October 8, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected children.

Petitioner alleged in a petition dated July 16, 1998 that Michael S. (born in 1991) was an abused and neglected child, pursuant to Family Court Act § 1012 (e) and (f), based on statements by Michael that respondent, his mother, engaged in sexual conduct with him on several occasions when he resided with her. The petition also alleged that respondent's three other children, Anthony S. (born in 1994), Dommiss R. and Kaitlyn R. (twins born in 1996) were derivatively neglected, pursuant to Family Court Act § 1012 (f), based upon the alleged abuse and neglect of Michael.

At the fact-finding hearing, a senior caseworker from petitioner's Child Protective Unit testified that during an interview with Michael in an unrelated matter, he reported seeing his mother and the father of the twins having sex.[1] After Michael recalled learning about sex from two boys at his grandparents' house, he spontaneously disclosed that he had also learned about sex from respondent, who he said had

---

1. At the time of this interview Michael was just short of his seventh birthday.

touched his private part in her bedroom and, *inter alia*, "sucked his penis". It was also revealed through the receipt into evidence of the caseworker's notes that at a second interview with her, in the presence of a police investigator, Michael reported that his biological father had told him to say these things about his mother, that his mother "needed to go to jail" and that "if his mom doesn't go to jail she will be murdered".

Also called as a witness was a social worker who is the program coordinator of the Referral and Evaluation of Abused Children Program (hereinafter the REACH Coordinator) at Strong Memorial Hospital at the University of Rochester. At petitioner's request, she conducted a child abuse evaluation of Michael. Her testimony established her qualifications, including a Master's degree in social work, serving as coordinator of her program which evaluates children suspected of sexual and physical abuse, having conducted hundreds of child protective investigations including about 150 sexual abuse evaluations at the REACH program, completion of an intensive training course for forensic interviewing of children suspected of having been abused, and attendance at numerous conferences on the subject of child abuse. She testified that during an interview with Michael in August 1998 he was at first talkative and cooperative. However, as the interview began to focus on inappropriate touching his demeanor quickly changed to the point where he did not want to talk and wanted to leave the room. Michael did not make any disclosures to her and denied being inappropriately touched by anyone other than his brother. She also examined a letter—in evidence—from Michael's therapist and opined that the behavior described in the letter, which was similar to the behavior exhibited by him during her interview, was consistent with that of a child who has been sexually abused. On cross-examination, she also opined that Michael's recurring encopresis—continually defecating in his pants—is evidence of, among other things, sexual abuse and that Michael had defecated in his pants during her interview. Respondent testified at the hearing and denied that she had sexually abused Michael or her other children in any way.

Family Court determined that Michael was an abused child as defined in Family Court Act § 1012 (e) (iii) based on its finding that respondent had committed the criminal act of sodomy. Family Court also determined, *inter alia*, that, based on its finding of abuse with respect to Michael, the remaining three

children were neglected (*see*, Family Ct Act § 1012 [f]; § 1046 [a] [i]). Respondent now appeals.[2]

We affirm, rejecting respondent's sole contention that Family Court's findings as to abuse are not supported by a preponderance of the evidence because the evidence offered at the hearing did not sufficiently corroborate Michael's allegations of sexual abuse by respondent. Initially, we note that Family Court's findings of abuse and neglect must be upheld if supported by a preponderance of the evidence (*see*, *Matter of Tanya T.*, 252 AD2d 677, 678, *lv denied* 92 NY2d 812; *see also*, Family Ct Act § 1046 [b] [i]). Further, Family Court Act § 1046 (a) (vi), as amended, sets forth a broad and flexible rule providing that out-of-court statements of children are admissible but only when corroborated by "[a]ny other evidence tending to support" their reliability (*see*, *Matter of Nicole V.*, 71 NY2d 112, 118). The corroboration requirement may be satisfied by the validation testimony of an expert investigating the allegations of sexual abuse (*see*, *Matter of Thomas N.*, 229 AD2d 666, 667-668). The final determination of whether the evidence corroborates the child's statement is left to Family Court which has "considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse" (*Matter of Nicole V.*, *supra*, at 119; *see*, *Matter of Tanya T.*, *supra*; *Matter of Ashley M.*, 235 AD2d 858).

Respondent, aware that the REACH Coordinator was being called as an expert, never objected to Family Court's failure to qualify her as an expert, to her credentials or to the testimony and opinions she offered and, thus, respondent waived appellate review regarding the admissibility of this testimony (*see*, *Matter of Joseph ZZ.*, 245 AD2d 881, 884, *lv denied* 91 NY2d 810; *Matter of Amanda R.*, 215 AD2d 220, 221, *lv denied* 86 NY2d 705). In any event, there is no requirement that a witness be formally certified by the trial court as an expert (*see*, *People v Highsmith*, 254 AD2d 768, 769, *lv denied* 92 NY2d 1033; *People v Abrams*, 232 AD2d 240, *lv denied* 88 NY2d 1066). Thus, despite the fact that the REACH Coordinator was never formally certified by the court as an expert, her testimony—including her opinion that Michael's behavior was consistent with that of a victim of sexual abuse—was properly admitted (*see*, *People v Abrams*, *supra*).

---

**2.** Respondent appealed from the order of fact-finding only (*see*, Family Ct Act § 1112) and not the subsequent order of disposition; therefore, the dispositional order is not before this Court.

In our view, the Child Protective Unit caseworker's testimony and notes relating Michael's statements that respondent had sexually abused him were sufficiently corroborated by the REACH Coordinator's testimony (*see generally, Matter of Vincent I.*, 205 AD2d 878) as well as by the other evidence in the record of Michael's behavior. The REACH Coordinator's testimony was properly received as expert evidence, as petitioner established and Family Court accepted her experience and professional credentials (*see, People v Williams*, 248 AD2d 118, 118-119, *lv denied* 92 NY2d 931). Furthermore, respondent's denial of the allegations of sexual abuse, as well as Michael's inconsistent statements to the REACH Coordinator and to the police investigator, presented credibility issues for Family Court to resolve (*see, Matter of Vincent I., supra,* at 880; *see generally, Matter of Thomas N., supra,* at 668).

We also reject the contention that because the REACH Coordinator never testified that it was respondent who was abusing Michael, Family Court erred in finding respondent to be the abuser. Indeed, Family Court's decision does not suggest that it relied upon the REACH Coordinator's testimony to find respondent was the person who was abusing Michael; rather, the court relied upon her testimony to determine that Michael had been sexually abused and in turn relied on Michael's statements to petitioner's caseworker to conclude that respondent was the abuser (*cf., Matter of Ralph D.,* 163 AD2d 752, 753).

Accordingly, we conclude that the evidence in the record sufficiently supports Family Court's finding of abuse as to Michael, and supports the findings of derivative neglect with respect to the other children in that the "impaired level of parental judgment" (*Matter of Daniella HH.,* 236 AD2d 715, 716) shown by respondent's behavior created a substantial risk to the others (*see, Matter of Nathaniel TT.,* 265 AD2d 611, 614; *see also,* Family Ct Act § 1046 [a] [i]).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.