■ In the Matter of FALCON EE., a Child Alleged to be Abused. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRUCE UU., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of MONICA UU., a Child Alleged to be Neglected. NANCY BURNETT, as Law Guardian, Respondent; BRUCE UU., Appellant. (Proceeding No. 2.) [703 NYS2d 569] —Graffeo, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered March 9, 1999, which, *inter alia*, granted petitioners' applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate Falcon EE. to be an abused child and Monica UU. to be a neglected child.

This case emanates from the alleged abuse by respondent of his girlfriend's daughter Falcon (born in 1995) and the neglect of his daughter Monica (born in 1998).[1] On July 22 and 23, 1997 respondent was caring for Falcon due to the hospitalization of his girlfriend. In the early morning hours of the latter day, respondent took the child to a hospital and indicated to medical personnel that she had fallen down the stairs and caught her leg in the staircase's railing. The child sustained numerous bruises to her head, petechia around her eyes, bruising under her chin and on her chest, and an oblique fracture to her left femur. She also had vaginal swelling and redness, with bruising in the area between her vagina and rectum and two lacerations to her hymenal ridge.

Hospital personnel alerted child protective authorities, which lead to an abuse proceeding being commenced against respondent and a neglect proceeding against Falcon's mother. After a fact-finding hearing, Family Court in January 1999 adjudicated Falcon to be abused by respondent and neglected by her mother. Shortly thereafter, the Law Guardian commenced a proceeding to have Monica adjudicated derivatively neglected based on the abuses committed against Falcon. After respondent submitted no opposition to a request for summary judgment, Family Court issued an order entered March 9, 1999 with respect to both children, finding Monica to be neglected

---

1. Monica is the daughter of respondent and his girlfriend.

by respondent and Falcon to be abused by respondent and neglected by her mother. Respondent now appeals.[2]

We affirm. We find no merit in respondent's contention that the evidence adduced at the fact-finding hearing was insufficient to support Family Court's determination. Family Court's finding of abuse and neglect shall not be disturbed if supported by a preponderance of the evidence (*see, Matter of Kaitlyn R. [Heather S.]*, 267 AD2d 894). Here, the child's babysitter from 11:00 A.M. to approximately 8:30 P.M. on July 22, 1997 testified that the child had no visible injuries. After respondent retrieved the child, he proceeded to a birthday party and a witness at the party testified that respondent drank six beers before leaving with the child at 1:00 A.M. No facial injuries were observed prior to the child's departure. Although respondent argues that the child's injuries were the result of an accident or a bone disease, the pediatrician who examined the child refuted this contention. The physician testified that the vaginal injuries were the result of penetration and, in her medical opinion, Falcon had been sexually abused. She further stated that the bruises on Falcon's head and chest were not typical of accidental trauma and could not have been caused by a fall down a staircase.

Finding the fractured femur to also be highly suspicious, the pediatrician opined that this injury was not caused by the alleged accident. The child's weight of only 25 pounds was also deemed insufficient to cause the leg injury in the manner respondent described. Notably, the child had sustained a previous femur fracture in July 1996 which, according to the petitioner's case worker, was the result of respondent dropping Falcon while he was intoxicated. We find the record evidence establishes that Falcon sustained injuries which would not have occurred absent respondent's acts (*see,* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238), and that respondent failed to proffer an adequate explanation of the cause of the injuries (*see, Matter of Julissa II.*, 217 AD2d 743, 743-744; *Matter of Jacinta J.*, 140 AD2d 990, 991-992). Based on the foregoing, and according deference to Family Court's determinations (*see, Matter of Robert H.*, 256 AD2d 951), we conclude that the preponderance of the evidence demonstrated that the child had been abused by respondent (*see, Matter of Julissa II., supra,* at 744; *Matter of Gladys H.*, 206 AD2d 606, 607).

---

**2.** Although there were two separate proceedings, Family Court issued one order pertaining to both children. However, the finding of neglect against Falcon's mother was not appealed.

We further find no error in Family Court's determination of neglect with respect to Monica. The record contains ample evidence of the physical and sexual abuse of Falcon, which may form the basis of a derivative finding of neglect in connection with Monica, the younger half-sister of Falcon (*see*, Family Ct Act § 1046 [a] [i]; *Matter of Nathaniel TT.*, 265 AD2d 611, 614, *lv denied* 94 NY2d 757). Because respondent's conduct toward Falcon evinced a clear disregard of parental judgment which creates a substantial risk of harm to any child in respondent's care, the derivative finding of neglect will not be disturbed (*see*, Family Ct Act § 1012 [f] [i] [B]; *Matter of Jessica G.*, 200 AD2d 906, 907).

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.