■ In the Matter of PETER C. and Another, Infants. JEF-FERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROSEMARY P., Appellant. (Appeal No. 1.) [718 NYS2d 551] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: "It is well settled that a finding that a child has been abused or neglected pursuant to article 10 of the Family Court Act must be supported by a preponderance of the evidence" (*Matter of Stephanie B.*, 245 AD2d 1062; *see,* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3). Family Court's findings of abuse with respect to Jennifer and Lisa, neglect with respect to Erica and derivative neglect with respect to Erica and Peter are supported by a preponderance of the evidence. "[W]here, as here, the hearing court was confronted primarily with issues of credibility, its factual findings must be accorded great weight" (*Matter of New York City Dept. of Social Servs. v Elena A.*, 194 AD2d 608, 609; *see, Machukas v Wagner*, 246 AD2d 840, 841, *lv denied* 91 NY2d 813). The conflicting and inconsistent statements of the children merely presented credibility issues for the court to resolve (*see, Matter of Kaitlyn R.*, 267 AD2d 894, 897; *Matter of Nicole T.*, 178 AD2d 849, 849-850). Petitioner presented evidence that respondent knew that Jennifer and Lisa had been sexually abused by respondent's boyfriend and did nothing to prevent it (*see,* Family Ct Act § 1012 [e] [iii]; *Matter of Lynelle W.*, 177 AD2d 1008; *Matter of Tania J.*, 147 AD2d 252, 259). That evidence also supports the finding of derivative neglect with respect to Erica and Peter in that "the 'impaired level of parental judgment' * * * shown by respondent's behavior created a substantial risk to [those children]" (*Matter of Kaitlyn R., supra*, at 897, quoting *Matter of Daniella HH.*, 236 AD2d 715, 716; *see, Matter of Falcon EE.*, 269 AD2d 711, 713). The court further found that Erica was compelled to witness respondent and her boyfriend engaging in inappropriate sexual behavior, which is sufficient to establish neglect (*cf., Matter of Linda E.*, 143 AD2d 904, 908).

We note that, in the recitals in the orders of fact finding and disposition, Erica is included as an abused child rather than a neglected child. It is clear from the court's extensive oral fact finding that the recitals are erroneous, and we therefore modify the orders of fact finding and disposition in each appeal by vacating the seventh paragraph and substituting therefor the following: "The Court having found that facts sufficient to sustain the petition have been established, and having found that the children Jennifer C. and Lisa C. are 'abused children' as that term is defined in section 1012 (e) of the Family Court Act and that the children Erica C. and Peter C. are 'neglected

children' as that term is defined in section 1012 (f) of the Family Court Act." (Appeal from Order of Jefferson County Family Court, Hunt, J.—Neglect.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.