◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK E. MEAGHER, Appellant. [771 NYS2d 777]—Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 8, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, sodomy in the first degree (two counts), sexual abuse in the first degree, harassment in the second degree (two counts), criminal trespass in the second degree, and rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We reject the contention that defendant was denied a fair trial as the result of prosecutorial misconduct. None of the alleged instances of misconduct has been preserved for our review (*see* CPL 470.05 [2]; *People v Alshoaibi*, 273 AD2d 871, 873 [2000], *lv denied* 95 NY2d 960 [2000]) and, in any event, the prosecutor's conduct, "considered in context, [was] not so inflammatory or improper as to deny defendant a fair trial" (*People v Spirles*, 275 AD2d 980, 982 [2000], *lv denied* 96 NY2d 807 [2001]). Contrary to the further contention of defendant, he was not denied effective assistance of counsel (*see People v Taylor*, 2 NY3d 1306 [2003]). Defendant's contentions that County Court failed to instruct the jury adequately with respect to the intent required for the commission of first degree rape (Penal Law § 130.35 [1]), sodomy (former § 130.50 [1]) and sexual abuse (§ 130.65 [1]) by forcible compulsion (*see generally People v Williams*, 81 NY2d 303, 316-317 [1993]) are also not preserved for our review (*see* CPL 470.05 [2]; *People v Abrams*, 232 AD2d 240 [1996], *lv denied* 88 NY2d 1066 [1996]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to support his conviction of burglary and the crimes involving forcible compulsion (*see People v Gray*, 86 NY2d 10, 19 [1995]). In addition, he failed to preserve for our review his contention that the charge and verdict sheet on the first count of the indictment, burglary in the second degree (Penal Law § 140.25 [2]), are erroneous, and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.