In the Matter of CHARLES M.O., Respondent, v HEATHER S.O., Appellant. [860 NYS2d 773]—

Appeal from an order of the Family Court, Oswego County (David J. Roman, J.), entered November 21, 2006 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal and physical custody of the parties' child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this proceeding seeking sole custody and sole physical residence of the parties' child on the ground that respondent mother had made several false allegations that the father had sexually abused the child and had coached and coerced the child into supporting those false allegations. We perceive no basis for disturbing Family Court's determination that a change in the existing custody arrangement is in the best interests of the child (*see Matter of Guidice v Burruano*, 255 AD2d 911 [1998]; *Matter of Beyer v Tranelli-Ashe*, 195 AD2d 972 [1993]), and we thus conclude that the court properly granted the petition. Although we agree with the mother that the court erred in admitting in evidence the results of the father's polygraph examination (*see Matter of Stephanie B.*, 245 AD2d 1062, 1063 [1997]), we conclude that the error is harmless (*see Matter of Daniel R. v Noel R.*, 195 AD2d 704, 708 [1993]). We reject the further contention of the mother that the court erred in admitting in evidence testimony concerning the circumstances surrounding the administration of her polygraph examination (*see People v Lucie*, 49 AD3d 1253 [2008]; *see also People v Sohn*, 148 AD2d 553, 556 [1989], *lv denied* 74 NY2d 747 [1989]). The mother failed to preserve for our review her contention that the court erred in conducting

the custody proceeding prior to conducting the neglect proceeding against her, as well as her contention that the court erred in permitting the Law Guardian to convey the child's hearsay statement to the court (*see Matter of Tracy v Tracy*, 309 AD2d 1252, 1253 [2003]). Finally, we conclude that the court properly exercised its discretion in declining to conduct a *Lincoln* hearing (*see Matter of Walker v Tallman*, 256 AD2d 1021, 1022 [1998], *lv denied* 93 NY2d 804 [1999]; *Matter of Karpensky v Karpensky*, 235 AD2d 594, 596 [1997]). Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.