■ In the Matter of JAHYALLE F., an Infant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIFFANY F., Appellant. (Proceeding No. 1.) In the Matter of TYRELL F., an Infant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIFFANY F., Appellant. (Proceeding No. 2.) [886 NYS2d 823]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals (1) from a decision of the Family Court, Rockland County (Christopher, J.), dated June 12, 2008, (2) from a permanency hearing order of the same court dated December 5, 2008, and (3), as limited by her brief, from so much of an order of fact-finding and disposition of the same court entered December 17, 2008, as, after fact-finding and dispositional hearings, found that she neglected the child Tyrell and derivatively neglected the child Jahyalle.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Family Ct Act § 1112 [a]; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the permanency hearing order dated December 5, 2008, is dismissed, without costs or disbursements, as that order was superseded by the order of fact-finding and disposition entered December 17, 2008; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's finding of neglect based on the mother putting her son Tyrell in a hot oven as a form of punishment was supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). Furthermore, because the mother's conduct toward Tyrell demonstrated a fundamental defect in her understanding of parental duties relating to the care of children, there was sufficient evidence to make a finding of deriva-

tive neglect with respect to Jahyalle (*see Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]). Skelos, J.P., Santucci, Belen and Hall, JJ., concur.