Matter of Crystal S. (Patrick P.) (2021 NY Slip Op 02645)





Matter of Crystal S. (Patrick P.)


2021 NY Slip Op 02645


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


348 CAF 19-01476

[*1]IN THE MATTER OF CRYSTAL S., DEANNA P., ELAINA P., GABRIELLA S., AND KAYDALIN P. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; PATRICK P., RESPONDENT-APPELLANT.






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.
PETER M. RAYHILL, COUNTY ATTORNEY, UTICA (MARYANGELA SCALZO OF COUNSEL), FOR PETITIONER-RESPONDENT. 
DIANE MARTIN-GRANDE, ROME, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Oneida County (Paul M. Deep, J.), entered July 12, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent abused and neglected one of the subject children and derivatively neglected four of the subject children. 
It is hereby ED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent appeals from an order in which Family Court determined, inter alia, that he abused and neglected a child, i.e., the daughter of his long-term live-in girlfriend, and derivatively neglected his four biological children. Contrary to respondent's contention, we conclude that the court's determination that the child was abused as a result of respondent's sexual abuse is supported by the requisite preponderance of the evidence (see generally Family Ct Act § 1046 [b] [i]; Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1339 [4th Dept 2017], lv denied 31 NY3d 903 [2018]) inasmuch as the child's out-of-court statements describing the abuse are sufficiently corroborated by other evidence (see generally Matter of Timothy B. [Paul K.], 138 AD3d 1460-1461 [4th Dept 2016], lv denied 28 NY3d 908 [2016]). "A child's out-of-court statements may form the basis for a finding of [abuse or] neglect as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability" (Matter of Nicholas L., 50 AD3d 1141, 1142 [2d Dept 2008]; see § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 117-118 [1987], rearg denied 71 NY2d 890 [1988]). "Courts have considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse[ or neglect] . . . , and [t]he Legislature has expressed a clear intent that a relatively low degree of corroborative evidence is sufficient in [child protective] proceedings" (Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490 [4th Dept 2011], lv denied 17 NY3d 708 [2011] [internal quotation marks omitted]).
Here, the child disclosed to a caseworker and a police investigator that respondent had repeatedly demanded to examine her genitals in order to determine whether she was a virgin. The child further disclosed that respondent had placed his hand on her genitals and used his hands to spread them open, and also once requested to "do more" with his finger. When confronted with those allegations, respondent told the caseworker and the police investigator that he had inadvertently observed the child while she was naked from the waist down and that he was able to tell from 10 feet away that her hymen was intact. That partial admission by respondent, together with testimony from the child's mother that was consistent with some [*2]details of the child's allegations, including that respondent had access to the child at the times of day when the child said that the abuse occurred, was sufficient to corroborate the child's out-of-court statements (see Family Ct Act § 1046 [a] [vi]; see generally Matter of Sandra S., 195 AD2d 1070, 1071 [4th Dept 1993]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court