Matter of Evalynn R.B. (Kelli B.) (2023 NY Slip Op 03157)

Matter of Evalynn R.B. (Kelli B.)

2023 NY Slip Op 03157

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

534 CAF 21-01148

[*1]IN THE MATTER OF EVALYNN R.B. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; KELLI B., RESPONDENT-APPELLANT.

NICHOLAS B. ROBINSON, PUBLIC DEFENDER, LOCKPORT (KEVIN D. CANALI OF COUNSEL), FOR RESPONDENT-APPELLANT.
NICHOLAS J. NARCHUS, LOCKPORT, FOR PETITIONER-RESPONDENT.
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Niagara County (Kathleen Wojtaszek-Gariano, J.), entered July 21, 2021, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to the subject child on the ground of mental illness. Contrary to the mother's contention, petitioner established by clear and convincing evidence that the mother was "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child" (Social Services Law § 384-b [4] [c]; see Matter of Deon M. [Vernon B.], 155 AD3d 1586, 1586 [4th Dept 2017], lv denied 30 NY3d 910 [2018]). Petitioner presented the testimony of an expert psychologist who opined that the mother suffered from mental illness and as a result, the child " 'would be in danger of being neglected if [she] returned to [the mother's] care at the present time or in the foreseeable future' " (Matter of Matilda B. [Gerald B.], 187 AD3d 1677, 1678 [4th Dept 2020], lv denied 36 NY3d 905 [2021]; see Matter of Norah T. [Norman T.], 165 AD3d 1644, 1644-1645 [4th Dept 2018], lv denied 32 NY3d 915 [2019]).
The mother's contention that Family Court erred in failing to qualify her mental health counselor as an expert is unpreserved for our review, inasmuch as the mother never asked the court to qualify the mental health counselor as an expert (see Matter of Kaitlyn R.,
267 AD2d 894, 896 [3d Dept 1999]; see generally Norah T., 165 AD3d at 1645).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court