Matter of Lynda M. (Mark M.) (2023 NY Slip Op 06660)

Matter of Lynda M. (Mark M.)

2023 NY Slip Op 06660

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

938 CAF 22-01142

[*1]IN THE MATTER OF LYNDA M., MAUREEN C., AND NEVEAH M. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; MARK M., RESPONDENT-APPELLANT, (AND ERICA C., RESPONDENT). 

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ERIN WELCH FAIR OF COUNSEL), FOR PETITIONER-RESPONDENT. 
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Onondaga County (Christina F. DeJoseph, J.), entered February 17, 2022, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Mark M. abused one of the subject children and derivatively abused the other two subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order of fact-finding and disposition determining, following a hearing, that he sexually abused his eldest daughter (daughter) and derivatively abused his two other children.
We reject the father's contention that Family Court's finding of sexual abuse is not supported by the requisite preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). " 'A child's out-of-court statements may form the basis for a finding of [abuse]
. . . as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability' " (Matter of Crystal S. [Patrick P.], 193 AD3d 1353, 1354 [4th Dept 2021]; see § 1046 [a] [vi]). Here, the daughter's out-of-court statements were sufficiently corroborated by her "age-inappropriate knowledge of sexual conduct" (Matter of William J.B. v Dayna L.S., 158 AD3d 1223, 1224 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Skyler D. [Joseph D.], 185 AD3d 1515, 1516 [4th Dept 2020]). Moreover, the statements made to the police by the daughter's cousin also provided sufficient cross-corroboration inasmuch as the statements regarding his sexual abuse by the father "tend to support the statements of [the daughter] and, viewed together, give sufficient indicia of reliability to each [child's] out-of-court statements" (Matter of Nicole V., 71 NY2d 112, 124 [1987]; see Matter of Elizabeth G., 255 AD2d 1010, 1012 [4th Dept 1998], lv dismissed 93 NY2d 848 [1999], lv denied 93 NY2d 814 [1999]). Additionally, the same cousin stated that he had observed the father abuse the daughter (see generally Elizabeth G., 255 AD2d at 1012).
We agree with the father that the court erred in admitting in evidence that portion of the police report referring to some of the results of the father's polygraph examination and allowing a detective to testify regarding the same (see Matter of Charles M.O. v Heather S.O., 52 AD3d 1279, 1279 [4th Dept 2008]; Matter of Stephanie B., 245 AD2d 1062, 1063 [4th Dept 1997]). Nonetheless, we conclude that the error is harmless (see Charles M.O., 52 AD3d at 1279; Matter of Daniel R. v Noel R., 195 AD2d 704, 708 [3d Dept 1993]).
Finally, we have reviewed the father's remaining contentions and conclude that they lack merit.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court