Matter of Tu'Real A.E.B. (Patricia S.) (2025 NY Slip Op 02465)

Matter of Tu'Real A.E.B. (Patricia S.)

2025 NY Slip Op 02465

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

208 CAF 24-00175

[*1]IN THE MATTER OF TU'REAL A.E.B. AND YM'PREZZ C.E.B. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; PATRICIA S., RESPONDENT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (LISA S. CUOMO OF COUNSEL), FOR PETITIONER-RESPONDENT.
STEPHEN M. MCGAHEY, HOLLAND PATENT, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered November 3, 2023, in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had neglected and derivatively neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that adjudicated her child Tu'Real to be neglected and her other child, Ym'Prezz, to be derivatively neglected. Although Tu'Real has attained the age of 18 (see Family Ct Act § 119 [c]), the appeal is not moot (see generally Matter of Caylin T. [Christine T.], 229 AD3d 859, 861 [3d Dept 2024]; Matter of Steven S. [Lyndsey M.], 229 AD3d 1207, 1208 [4th Dept 2024]).
Contrary to the mother's contention, petitioner met its burden of establishing neglect by a preponderance of the evidence. "Proof that a minor child is not attending a public or parochial school in the district where the parent[ ] reside[s] makes out a prima facie case of educational neglect" and "[u]nrebutted evidence of excessive school absences [is] sufficient to establish . . . educational neglect" (Matter of Gabriella G. [Jeannine G.], 104 AD3d 1136, 1137 [4th Dept 2013] [internal quotation marks omitted]). Here, petitioner presented evidence that Tu'Real "had a significant, unexcused absentee rate that [had] a detrimental effect on [his] education," and the mother "failed to . . . establish a reasonable justification for [Tu'Real's] absences and thus failed to rebut the prima facie evidence of educational neglect" (id. [internal quotation marks omitted]).
We further conclude that Family Court properly determined that the evidence of neglect with respect to Tu'Real "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the mother's] care" (Matter of Daniella HH., 236 AD2d 715, 716 [3d Dept 1997]), thus warranting a finding of derivative neglect with respect to Ym'Prezz (see generally Matter of Dayshaun W. [Jasmine G.], 133 AD3d 1347, 1348 [4th Dept 2015]; Matter of Amber C., 38 AD3d 538, 540-541 [2d Dept 2007]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court