■ In the Matter of JASMINE H., a Child Alleged to be Neglected. RICHARD GEHRMAN, for Westchester County Department of Social Services, Appellant; MERCEDES H., Respondent. — In a proceeding pursuant to article 10 of the Family Court Act, petitioner appeals (by permission) from an order of the Family Court, Westchester County (Scancarelli, J.), entered February 19, 1982, which, *inter alia,* after a hearing pursuant to section 1028 of the Family Court Act, directed the petitioner to return the child to her mother. Order reversed, without costs or disbursements, and matter remitted to the Family Court for the purposes of (1) an immediate hearing pursuant to subdivision (e) of section 1039 of the Family Court Act, (2) the arrangement of supervised visitation between the mother, other family members and the child and (3) the appointment of a new Law Guardian. This is a child protective proceeding in which the original neglect petition, charging physical abuse of the child and a refusal of assistance by the mother, was adjourned in contemplation of dismissal. The adjournment was conditioned on the mother's restraint of her tendency to use excessive corporal punishment. Approximately two and one-

half months later, the child was temporarily removed from her home by the Department of Social Services due to serious injuries that were sustained by the child, allegedly as a punishment administered by her mother. The mother applied under section 1028 of the Family Court Act for the return of the child and the Family Court granted the application. We do not agree with this resolution of the matter. In our opinion, the evidence adduced by petitioner at the hearing on this matter demonstrated that the return of the child to her mother presents an imminent risk to the child's health (see Family Ct Act, § 1028, subd [b]). The child's injuries were investigated by the Department of Social Services at the request of the school doctor who could not reconcile the child's facial lacerations with her explanation of cat scratches. The child told her caseworker that her mother had beaten her with a carrot peeler. Photographs of the child, taken a week after the alleged beating, display extensive facial scarring. The injuries occurred at a time when the mother was allegedly pursuing assistance for her problem and therefore are a comment on her progress. The mother did not testify or otherwise explain the injuries. The caseworker testified without objection that she had observed other unexplained injuries in the past. It is our view that this evidence established a substantial probability of child abuse, notwithstanding that the court erroneously excluded other testimony by the caseworker of her observations of certain specific injuries to the child inflicted in earlier beatings. At the end of the hearing, the mother's counsel suggested that the court consider other family members as temporary guardians. The court, however, directed the return of the child to the mother. In our view, in light of the evidence presented, the safer course is not to return the child to her home until further facts are adduced (see *Matter of Corey T.*, 81 AD2d 785, 786). However, since there is still potential for a nonplacement disposition as the Family Court recognized, there should be supervised visitation between the mother, other family members and the child to foster and preserve the child's relationship with them. Further, we direct an immediate hearing so that a complete resolution can be achieved without a lengthy separation. Under the circumstances we also direct that a new Law Guardian be appointed and that he or she confer with the infant and take an active part in the proceedings. Damiani, J. P., Lazer, Gulotta and O'Connor, JJ., concur.