■ In the Matter of F. CHILDREN, Alleged to be Abused. IDALICIA F. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant.—In consolidated child abuse proceedings, the petitioner appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Tejada, J.), dated July 14, 1989, as granted those branches of the parents' application which were for the release of their five youngest children from the petitioner's custody and directed their return to the family home pending proceedings pursuant to Family Court Act § 1024.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, those branches of the parents' application which were for the release of the five youngest children from the petitioner's custody are denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The petitioner contends on appeal that the Family Court improperly ordered the return of the parents' five youngest children to the parents' custody. One of the subject children, Idalia F., had, *inter alia,* sustained an iron burn to her arm and marks and lesions on her buttocks and back. The evidence presented at the hearing consisted of testimony of the parents, a caseworker from the Bureau of Child Welfare, and a school principal. Medical records were also submitted.

Upon a review of the hearing minutes, it is evident that there are conflicting accounts as to how the child sustained her injuries. Given these patent, irreconcilable inconsistencies in the testimony, we find the parents' explanations inherently incredible *(see, Matter of Jennifer G.,* 105 AD2d 701, 702, *after remand* 110 AD2d 801).* Based upon the record herein, we

conclude that the evidence established a substantial probability of child abuse *(see, Matter of Jennifer G., supra; Matter of Jasmine H.,* 88 AD2d 996) which constitutes an imminent risk to the children's lives or health (Family Ct Act § 1028). Accordingly, the Family Court improperly granted the parents' application.

Notwithstanding that there was no evidence presented with respect to any possible abuse of the parents' other children, we nevertheless find that the five youngest children should all remain in the custody of the New York City Commissioner of Social Services *(see,* Family Ct Act § 1046 [a] [i]).

We hasten to note that the instant determination relates solely to the parents' application pursuant to Family Court Act § 1028 and should not be taken as any indication of what determination should be made after a fact-finding hearing with respect to the child abuse petitions. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.