■ In the Matter of C. CHILDREN, Children Alleged to be Abused and Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; JUANA H. et al., Appellants. [616 NYS2d 644] —In a child protective proceeding pursuant to Family Court Act article 10, Juana H., the mother, appeals from (1) a fact-finding order of the Family Court, Kings County (Yancey, J.), dated March 12, 1991, which found that she abused her son Paulo and derivatively neglected her daughters Miriam, Sandra, and Claudia, and (2) an order of disposition of the same court, dated January 13, 1992, which, *inter alia,* placed the children with the New York City Com-

missioner of Social Services for 12 months, and Pablo C., the father, separately appeals from the order of disposition.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The uncontroverted evidence proffered at the fact-finding hearing constituted prima facie proof of child abuse and neglect (see, Family Ct Act § 1012 [e] [i]; [f] [i] [B]; § 1046 [a] [ii]). The medical evidence established that the appellants' two-year-old son Paulo sustained a deep second-degree burn to his right hand extending from his fingertips to his wrist. A medical expert concluded that the burn was caused by the nonaccidental immersion of Paulo's hand in hot liquid. The expert opined that Paulo would never have full use of his hand and that permanent scarring of the hand was likely. Paulo also sustained contusions over much of his body, including his head, back, legs, and buttocks, and the mother admitted having caused the injuries to his back and buttocks when she hit Paulo with a belt to punish him for picking at the blisters on his burned hand. Further, evidence was adduced that the mother waited two days after Paulo's hand was burned before bringing him to the hospital for medical treatment.

The appellants failed to offer a satisfactory explanation to rebut the evidence (see, Matter of Philip M., 82 NY2d 238, 244; Matter of Lauren B., 200 AD2d 740; Matter of James P., 137 AD2d 461; Matter of Marcus S., 123 AD2d 702). The mother offered no medical evidence to rebut the testimony of the doctors. The only evidence she offered was her own incredible explanation for the incident. The mother's claim that Paulo burned himself when he turned on the bathtub faucet was inconsistent with the configuration of Paulo's burns and was properly discredited by the Family Court. The father admitted that he knew or should have known of the above abuse, and that he failed to properly supervise Paulo. We therefore conclude that the Family Court's determination that Paulo was abused, was supported by a preponderance of the evidence. Moreover, under the circumstances of this case, the Family Court did not err in making derivative findings of neglect with respect to the other three children (see, Family Ct Act § 1012 [e] [ii]; § 1046 [a] [i]; Matter of Ely P., 167 AD2d 473; Matter of F. Children, 154 AD2d 594; Matter of James P., supra).

The appellants' challenges to the disposition of the children have become academic due to the expiration of the placement period and the discharge of the children to the custody of the appellants on a trial basis.

The appellants' remaining contentions are without merit. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.