■ In the Matter of CHRISTINA Z., a Child Alleged to be Neglected. MARY Z. et al., Respondents; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. MONICA DRINANE, as Law Guardian, Appellant. [726 NYS2d 549] —Order, Family Court, New York County (Susan Larabee, J.), issued December 21, 2000, which, after a hearing pursuant to Family Court Act § 1028, denied an application for the return of the child pending the fact-finding hearing on the issue of neglect, unanimously affirmed, without costs.

We find that this application was properly denied upon a finding, based largely on witness credibility, that respondent's boyfriend presented an imminent risk to the child's health or safety. While respondent and the child contend that the paramour is no longer in respondent's life, the record demonstrates a substantial probability that the boyfriend's sexual and abusive conduct might continue and constitutes an imminent danger to the child (*see Matter of F. Children*, 154 AD2d 594, *lv denied* 78 NY2d 862). Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.

■ GOUIRAN FAMILY TRUST, Respondent, v DONNA J. GOUIRAN, Respondent. EMILE E. GOUIRAN, Nonparty Appellant. (And Other Actions.) [726 NYS2d 265] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 1, 1999, which denied appellant former trustee's motion to vacate so-ordered stipulations entered into by the present trustee discontinuing certain actions instituted by appellant during his tenure as trustee, unanimously affirmed, with costs.

The motion was properly denied, since the trust agreement clearly granted the trustee the authority to enter into the subject stipulations. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Friedman, JJ.