In the Matter of MIRANDA O., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VANESSA O., Appellant, et al., Respondent. [741 NYS2d 817] —Appeal from an order of Family Court, Erie County (Mix, J.), entered February 9, 2001, which, inter alia, adjudicated the child abused.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the petition against respondent Vanessa O. is dismissed.

Memorandum: In this Family Ct Act article 10 proceeding, Vanessa O. (respondent) appeals from an order entered following a hearing determining that respondent and her boyfriend had abused respondent's then two-year-old daughter. The only witnesses, all called by petitioner, were respondent, her boyfriend and a caseworker for petitioner. The evidence at the hearing established that respondent left the child in the care of her boyfriend while respondent went to work. During that time the boyfriend caused the child to suffer serious immersion burns to both hands. When respondent returned from work at approximately 1:00 A.M. her boyfriend and the child were both asleep. At 4:00 A.M. her boyfriend awoke to go to work and told her that the child had been burned. At that point the child was still asleep. Respondent took the child to the pediatrician's office at approximately 9:00 A.M. that morning.

We conclude that the evidence is insufficient to establish that respondent's actions constitute abuse. An abused child is defined as a child "whose parent or other person legally responsible for [her] care * * * inflicts or allows to be inflicted upon such child [serious] physical injury by other than accidental means" (Family Ct Act § 1012 [e] [i]). Here, there is no evidence that respondent herself caused or contributed to the abuse by either inflicting injury herself (*see Matter of Angelique H.,* 215 AD2d 318, 319) or creating or allowing a substantial risk of abuse by another person (*see Matter of Ivette R.,* 282 AD2d 751; *Matter of Peter C.,* 278 AD2d 911; *Matter of Michael I.,* 276 AD2d 839, 840, *lv denied* 96 NY2d 701). The evidence

does not permit an inference that respondent knew or should have known of any risk that her boyfriend would intentionally injure the child.

We further agree with respondent that the evidence is also insufficient to support a determination that she neglected the child based on the delay in seeking medical treatment for her (*see* § 1046 [b] [i]). A neglected child is defined in relevant part as a child "whose physical * * * condition has been impaired * * * as a result of the failure of [her] parent * * * to exercise a minimum degree of care * * * in supplying the child with adequate * * * medical * * * care" (§ 1012 [f] [i] [A]). There is no medical proof establishing the extent of the child's injury or that the child was further harmed by respondent's delay from 4:00 A.M. to 9:00 A.M. in seeking medical treatment (*see e.g. Matter of Ronnie XX.*, 273 AD2d 491, 494; *Matter of Jessica YY.*, 258 AD2d 743, 746-747; *Matter of Jennifer N.*, 173 AD2d 971, 972). Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.