In the Matter of NYOMI A.D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant; EDWARD D., Appellant-Respondent; YVONNE G., Respondent. (Proceeding No. 1.) In the Matter of KENYA E.D., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant; EDWARD D., Appellant-Respondent; YVONNE G., Respondent. (Proceeding No. 2.) In the Matter of AMANDA P., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant; EDWARD D., Appellant-Respondent; YVONNE G., Respondent. (Proceeding No. 3.) In the Matter of KAYLA P., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant; EDWARD D., Appellant-Respondent; YVONNE G., Respondent. (Proceeding No. 4.) [783 NYS2d 596]—

In related child protective proceedings pursuant to Family Court Act article 10, Edward D. appeals (1), as limited by his brief, from so much of a fact-finding order of the Family Court, Suffolk County (Sweeney, J.), entered July 29, 2003, as, after a hearing, determined that he had neglected the children Amanda P. and Kenya E.D. and derivatively neglected the children Nyomi A.D. and Kayla P., and (2) an order of disposition of the same court entered September 30, 2003, which, without a hearing, inter alia, placed the subject children in the custody of the Suffolk County Department of Social Services, and the Suffolk County Department of Social Services cross-appeals from so much of the same fact-finding order as, in effect, dismissed so much of the petitions as alleged that Edward D. and Yvonne G. had abused the children Kenya E.D. and Amanda P.

Ordered that the appeal by Edward D. from the fact-finding order is dismissed, without costs or disbursements, as the portions of the fact-finding order appealed from by Edward D. were superseded by the order of disposition; and it is further,

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that the fact-finding order is modified, on the law and the facts, by deleting the provision thereof which, in effect, dismissed so much of the petitions as alleged that Edward D. and Yvonne G. had abused Amanda P., and substituting therefor a provision sustaining those allegations; as so modified, the fact-finding order is affirmed insofar as cross-appealed from, without costs or disbursements.

The appeal by Edward D. from the order of disposition brings up for review that part of the fact-finding order entered July 29, 2003, which made findings of neglect as to Amanda P. and Kenya E.D. and findings of derivative neglect as to Nyomi D. and Kayla P. (*see Matter of Lauren B.*, 200 AD2d 740 [1994]).

The Family Court found that Edward D. and Yvonne G. neglected Amanda P. and Kenya E.D., children for whose care they were legally responsible (*see* Family Ct Act § 1012 [g]; *Matter of Lillian C.*, 8 AD3d 270 [2004]). The Family Court failed to find, however, that Edward D. and Yvonne G. abused either Amanda P. or Kenya E.D.

We find that the petitioner sustained its burden of proof by a preponderance of the evidence that Amanda P. was an abused child (*see* Family Ct Act § 1046 [b] [i]; *Matter of Philip M.*, 82 NY2d 238, 243-244 [1993]). The medical evidence established a prima facie case of sexual abuse of Amanda P. while she was in the custody of Edward D. and Yvonne G., and their explanations for her hymenal injuries were properly rejected (*see* Family Ct Act § 1012 [e] [iii]; *Matter of Sharonda S.*, 301 AD2d 532, 533 [2003]; *Matter of Julissa II.*, 217 AD2d 743 [1995]; *Matter of Lauren B., supra*). While the failure of Edward D. and Yvonne G. to seek medical and psychiatric treatment for Amanda P. suffice for the finding of neglect, the Family Court should also have found that she was an abused child. Accordingly, we make this finding of fact.

The allegations of abuse of Kenya E.D. have a different basis. The petitioner's direct case, and the testimony of Edward D. and Yvonne G., established that Edward D. and Yvonne G. were not at home when Kenya E.D. was burned while under the care of her babysitters. Thus, Edward D. and Yvonne G. were not

Kenya E.D.'s caretakers at the time of the alleged abuse, nor can they be held responsible for it (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Miranda O.*, 294 AD2d 940 [2002]; *Matter of Robert YY.*, 199 AD2d 690, 692 [1993]; *Matter of Vincent M.*, 193 AD2d 398, 403 [1993]; *cf. Matter of Philip M., supra* at 243; *Matter of Nancy B.*, 207 AD2d 956, 957 [1994]; *Matter of C. Children*, 207 AD2d 888, 889 [1994]). The finding of neglect of Kenya E.D., however, rests on a sound and substantial basis in the record, particularly in view of the cancellation of Kenya E.D.'s medical appointment the day after she sustained the burn.

Finally, the Family Court erred in issuing the order of disposition without first holding a dispositional hearing (*see Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.*, 83 NY2d 178, 183 [1994]; *Matter of Jonathan M.*, 295 AD2d 513 [2002]; *Matter of Amanda B.*, 287 AD2d 561 [2001]). A dispositional hearing must be held as a condition precedent to the entry of a dispositional order (Family Ct Act § 1052 [a]; *see Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., supra*). Accordingly, we reverse the order of disposition and remit the proceedings to the Family Court, Suffolk County, for a dispositional hearing on the factfindings as modified by this Court, and for the entry of a new order of disposition. Altman, J.P., Crane, Fisher and Lifson, JJ., concur.