◼ In the Matter of ALYSSA C.M. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LUIS A.R., Respondent; SARAH L.M., Appellant. [794 NYS2d 224]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 17, 2003 in a proceeding pursuant to Family Court Act article 10. The order adjudicated the children to be abused and scheduled a dispositional hearing.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Sarah L.M. (respondent) appeals from an order determining that her children are abused children. Medical testimony of two physicians established that 14-month-old Juan

C.M., Jr. sustained several second degree burns over much of his body, including his back, his abdomen and the soles of his feet, which were in various stages of healing. Some of the burns were in the pattern of the grate on the top of a space heater in respondent's home. The evidence established that the day before she arranged for a friend to take Juan to his pediatrician, respondent was advised by respondent Luis A.R. that Juan burned himself on the heater. The medical evidence established that the burns were inflicted injuries. The evidence also established that Juan had bruises over much of his body, including adult-sized finger marks on either side of his neck and what one physician described as "raccoon eyes," i.e., black eyes indicating that Juan may have been shaken. The evidence further established that Juan sustained multiple lacerations to the liver caused by a blunt force trauma. One physician testified that the force required to cause the injury to the liver could not have been exerted by a child, and was consistent with the force exerted by an adult in a punch or kick to the abdomen. That physician also testified with a reasonable degree of medical certainty that Juan was the victim of child abuse.

Contrary to respondent's contention, petitioner established a prima facie case of child abuse with respect to Juan and respondent failed to rebut the presumption that she was culpable (see Matter of Philip M., 82 NY2d 238, 246 [1993]; cf. Matter of Miranda O., 294 AD2d 940, 940-941 [2002]). Family Court determined that the statements of respondent to police and petitioner's caseworker that she was unaware of the injuries until the day she sought medical treatment for Juan were not credible. We conclude that the court properly determined that Juan is an abused child "by reason of the acts or omissions" of respondent (Family Ct Act § 1046 [a] [ii]).

It is undisputed that four-year-old Alyssa C.M. was in the home during the period of time in which Juan was injured, and we therefore further conclude that the court properly determined that Alyssa is an abused child inasmuch as the abuse of Juan "is so closely connected with the care of [Alyssa] as to indicate that [Alyssa] is equally at risk" (Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied 540 US 1059 [2003]). Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.