INNOVATIVE TRANSMISSION & ENGINE COMPANY, LLC, et al., Appellants, v RICHARD S. MASSARO, JR., et al., Respondents.

[832 NYS2d 330]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered December 7, 2005. The order, insofar as appealed from, denied plaintiffs' motion for partial summary judgment, granted in part the cross motion of defendant Richard S. Massaro, Jr. for partial summary judgment, granted the cross motion of defendant Richard S. Massaro, Sr. for summary judgment dismissing the third amended complaint against him and granted that part of the cross motion of defendants Gregory T. Samer, James Raia, A.P. Bersohn and Co., LLC, CPAs and Raia, Bredefeld & Associates, P.C. for summary judgment dismissing the third amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in its entirety the cross motion of defendant Richard S. Massaro, Jr., denying in part the cross motions of defendants Richard S. Massaro, Sr. and Gregory T. Samer and denying those parts of the cross motion of defendants James Raia, A.P. Bersohn and Co., LLC, CPAs and Raia, Bredefeld & Associates, P.C. for summary judgment dismissing against them the 1st and 7th causes of action and those parts of the 9th through 12th causes of action based upon the alleged conversion of any assets of plaintiff Innovative Transmission & Engine Company, LLC and reinstating the 1st and 6th through 8th causes of action and those parts of the 9th through 12th causes of action based upon the alleged conversion of any assets of plaintiff Innovative Transmission & Engine Company, LLC and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for, inter alia, defendants' alleged conversion of the assets of plaintiff Innovative Transmission & Engine Company, LLC (ITEC), an automobile parts and dismantling business. Plaintiff D.R. Watson Holdings, LLC allegedly had a secured interest in those assets, and also owned the building in which ITEC operated. World Parts, LLC (World Parts), a company

formed by defendants Richard S. Massaro, Jr. and Gregory T. Samer, conducted a similar business in the same building. World Parts filed for relief under chapter 11 of the Bankruptcy Code (11 USC). Subsequent to the commencement of that bankruptcy proceeding, ITEC entered into negotiations with World Parts for the sale of ITEC's assets to World Parts. Plaintiffs allege that the sale of ITEC's assets to World Parts was never consummated but that defendants nevertheless assumed control of, or assisted in assuming control of, ITEC's assets and sold some or all of them. Defendants contend that ITEC's assets were duly transferred to World Parts and that they were properly in possession of those assets. Nevertheless, it is undisputed that some or all of ITEC's assets were transferred to World Parts and that World Parts and/or defendants began selling those assets. Thereafter, the chapter 11 bankruptcy proceeding was converted to a chapter 7 proceeding and a trustee was appointed to assume control of World Parts. In conjunction with the World Parts bankruptcy proceeding, plaintiffs entered into a stipulation with the World Parts bankruptcy trustee whereby plaintiffs, on behalf of the trustee, would commence avoidance actions under the bankruptcy laws to recover the ITEC assets allegedly improperly sold by World Parts and/or defendants. The stipulation provides, in pertinent part, that World Parts' "defenses to the [conversion] claims of ITEC are compromised, released and discharged" in exchange for the bankruptcy estate's retaining 10% of the amount recovered in any avoidance action concerning the ITEC assets. The remaining 90% of the ITEC assets recovered would be retained by plaintiffs.

Separately from the bankruptcy proceeding, plaintiffs commenced this action and moved for, inter alia, partial summary judgment on the issue of liability. Massaro, Jr. cross-moved for partial summary judgment dismissing certain causes of action asserted in the third amended complaint against him; defendant Richard S. Massaro, Sr. cross-moved for summary judgment dismissing the third amended complaint against him; Samer cross-moved for summary judgment dismissing the third amended complaint against him; and defendants James Raia, A.P. Bersohn and Co., LLC, CPAs, and Raia, Bredefeld & Associates, P.C. (collectively, Raia defendants) cross-moved for, inter alia, summary judgment dismissing the third amended complaint against them. Supreme Court denied plaintiffs' motion. The court also granted in part the cross motion of Massaro, Jr. and dismissed the 1st cause of action against him and those parts of the 9th, 10th, 11th and 12th causes of action against him that are based upon the alleged conversion of any assets of ITEC. We note that, although the order dismisses parts

of only the 9th, 10th and 12th causes of action against Massaro, Jr., the decision also dismisses part of the 11th cause of action against him. Where there is a conflict between an order and a decision, the decision controls (*see Matter of Edward V.*, 204 AD2d 1060, 1061 [1994]). In addition, the court, inter alia, granted the cross motions of Massaro, Sr. and Samer, and granted that part of the cross motion of the Raia defendants seeking summary judgment dismissing the third amended complaint against them. The court ruled, in relevant part, that the stipulation entered into in the bankruptcy proceeding operated to release defendants from liability for the conversion claims pursuant to General Obligations Law § 15-108 (a). Plaintiffs now appeal.

Initially, we note that plaintiffs' contention that the court erred to the extent it granted defendants' cross motions because defendants did not raise the affirmative defense of release in their answers is raised for the first time on appeal and is therefore unpreserved for our review. " 'An issue may not be raised for the first time on appeal . . . where[, as here,] it "could have been obviated or cured by factual showings or legal countersteps" in [Supreme Court]' " (*Ring v Jones*, 13 AD3d 1078, 1079 [2004], quoting *Oram v Capone*, 206 AD2d 839, 840 [1994]).

We agree with plaintiffs, however, that defendants failed to meet their burdens on their respective cross motions of establishing as a matter of law that the bankruptcy stipulation operates to release defendants from liability for the 1st and 6th through 8th causes of action, for conversion, and those parts of the 9th through 12th causes of action based upon the alleged conversion of any assets of ITEC (*cf. Kavoukian v Kaletta*, 294 AD2d 646, 647 [2002]). We therefore modify the order accordingly. "When a release . . . is given to one of two or more persons liable or claimed to be liable in tort for the same injury . . . , it does not discharge any of the other tortfeasors from liability for the injury . . . unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release . . . , or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest" (General Obligations Law § 15-108 [a]). The stipulation at issue does not expressly release defendants from liability (*cf. Wells v Shearson Lehman/American Express*, 72 NY2d 11, 22-23 [1988], *rearg denied* 72 NY2d 953 [1988]), and therefore it only permits defendants "a monetary

offset against the amount of" damages, if any, awarded against them (*Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 292 [1998]). Defendants failed to establish that the amount received by plaintiffs as a result of the stipulation is sufficient to fully compensate plaintiffs for all potential damages arising from the conversion claims, and thus the court erred in granting those parts of defendants' cross motions for summary judgment dismissing the 1st and 6th through 8th causes of action, for conversion, and those parts of the 9th through 12th causes of action based upon the alleged conversion of any assets of ITEC.

We reject the contention of plaintiffs, however, that the court erred in denying their motion. Plaintiffs failed to meet their initial burden of submitting sufficient evidence to establish as a matter of law their entitlement to judgment on the issue of liability, and thus the court properly denied the motion regardless of the sufficiency of the opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Martoche, J.P., Smith, Centra and Green, JJ.