■ In the Matter of DAVID R., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MYRNA R., Appellant, et al., Respondent. [834 NYS2d 796]—

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered December 23, 2005 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that the child is an abused child and placed respondent Myrna R. under the supervision of petitioner for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the finding that respondent Myrna R. committed acts "constituting child neglect" by failing to provide adequate medical care and as modified the order is affirmed without costs.

Memorandum: Myrna R. (respondent) appeals from an order determining that her son, David, is an abused child. Family Court conducted a trial on stipulated facts that included police reports, the case notes of petitioner's employees, and letters from two physicians who treated the four-month-old child for a spiral fracture of the right femur. We agree with respondent that the court erred in considering statements made to the police by her neighbor in determining that David is an abused child. Those statements were expressly excluded from the stipulated facts but they were improperly before the court because they had not been redacted from the police report. Nevertheless, the authority of this Court to review the facts is as broad as that of Family Court (*see Matter of Gabriela*, 283 AD2d 983, 984 [2001], *lv denied* 96 NY2d 721 [2001]; *see generally Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *McGinley v Postel*, 37 AD3d 783 [2007]), and we conclude that the evidence apart from those statements is legally sufficient to support a finding that David is an abused child.

We find that the injury ordinarily would not occur in the absence of an act or omission by respondent and that the evidence establishes that David was in the care of respondent at the time the injury occurred. The evidence establishes that David sustained a spiral fracture of the right femur that is not consistent with the explanations provided by respondent and respondent father for that injury and that the severity of the injury itself rendered it "suspicious for inflicted trauma." We therefore find that petitioner established a prima facie case of child abuse with respect to David (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238, 243 [1993]). Petitioner established by a preponderance of the evidence that David's injury was caused by other than accidental means while in respondent's care and that respondent created or allowed to be

created a substantial risk of physical injury to David (*see* § 1012 [e] [i], [ii]), and we thus conclude that David "is an abused child 'by reason of the acts or omissions' of respondent" (*Matter of Alyssa C.M.*, 17 AD3d 1023, 1024 [2005], *lv denied* 5 NY3d 706 [2005]; *cf. Matter of Miranda O.*, 294 AD2d 940, 940-941 [2002]).

We modify the order, however, by vacating the finding that respondent committed acts "constituting child neglect" by failing to provide adequate medical care. Although the court noted in its decision that there was a delay of "two to three" hours in obtaining medical treatment, the court made no finding that respondent's actions caused David to be a neglected child (*see* Family Ct Act § 1012 [f] [i] [A]). To the extent that the decision and order conflict, the decision controls (*see Sheriff's Silver Star Assn., Inc. v County of Oswego*, 27 AD3d 1104, 1105 [2006], *lv denied* 7 NY3d 712 [2006]; *see generally Innovative Transmission & Engine Co., LLC v Massaro*, 37 AD3d 1199 [2007]).

Finally, we note that, although we affirmed the order on the appeal by respondent father (*Matter of David R.*, 35 AD3d 1202 [2006]), the issues raised by respondent in her appeal were not raised by him. Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.