■ In the Matter of KLEEVUORT C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FREDLYN V., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of TONY V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FREDLYN V., Appellant, et al., Respondent. (Proceeding No. 2.) [925 NYS2d 119]—

In two related proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Danoff, J.), dated May 18, 2010, as, after a fact-finding hearing, found that she neglected the subject children and placed them in the custody of the Commissioner of Social Services of Kings County until the completion of the next permanency hearing.

Ordered that the order is modified, on the law, by deleting the provision thereof placing the subject children in the custody of the Commissioner of Social Services of Kings County; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and a new disposition thereafter.

The findings of neglect as to the subject children were supported by a preponderance of the evidence (see Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [i]). The mother's contention that the Family Court deprived her of due process by limiting her testimony as to the skin condition of one of the children is unpreserved for appellate review, as it was not raised before the Family Court (see Matter of Damian M., 41 AD3d 600 [2007]), and, in any event, is without merit.

Since a fact-finding hearing was held, under the circumstances, the mother's claim that the Family Court erred by refusing to hold a hearing under Family Court Act § 1028 (see Matter of Cory M., 307 AD2d 1035, 1036 [2003]) is academic (see

*Matter of Kristina R.*, 21 AD3d 560, 562-563 [2005]; *Matter of Eddie J.*, 273 AD2d 239 [2000]; *cf. Matter of Lucinda R.*, 85 AD3d 78 [2011]). The Family Court erred, however, in not conducting a dispositional hearing, and, therefore, as the mother, the Attorney for the Children, and the Administration for Children's Services agree, the matters must be remitted to the Family Court, Kings County, for a dispositional hearing and a new disposition thereafter (*see* Family Ct Act § 1052 [a]; *Matter of Nyomi A.D.*, 10 AD3d 684, 686 [2004]). Rivera, J.P., Balkin, Lott and Austin, JJ., concur.