■ In the Matter of MONIQUE M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GEORGETTE S., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SONIQUE M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GEORGETTE S., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of TRESTON D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GEORGETTE S., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of DAYMONDRAY T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GEORGETTE S., Appellant, et al., Respondent. (Proceeding No. 4.) [973 NYS2d 665]—

In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals (1), as limited by her brief, from so much of a fact-finding order of the Family Court, Kings County (Danoff, J.), dated March 20, 2012, as, after a fact-finding hearing, found, in effect, that she abused the child Sonique M. and derivatively abused the children Monique M., Treston D., and Daymondray T., (2) from an order of disposition of the same court dated May 22, 2012, which, upon the fact-finding order, released the children Monique M. and Sonique M. to the custody of their father, and (3) from an order of disposition of the same court, also dated May 22, 2012, which, upon

the fact-finding order, placed the children Treston D. and Daymondray T. in the custody of the Commissioner of Social Services of Kings County.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the orders of disposition and is brought up for review on the appeals from the orders of disposition; and it is further,

Ordered that the orders of disposition are reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing before a different Judge and new determinations thereafter.

The findings of abuse were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744 [2012]; *Matter of Iyonte G. [Charles J.R.]*, 82 AD3d 765, 766 [2011]). The evidence showed that, after the mother's boyfriend shot her in January 2008, an order of protection was issued in favor of the mother and the subject children and against the boyfriend, which ordered him to stay away from them. The mother testified that, notwithstanding the order of protection, she allowed the boyfriend back into her home. A worker for the Administration for Children's Services testified that the child Sonique M., who was eight years old when the incidents occurred, stated to a detective that, in approximately February 2009, while the order of protection was still in effect, the mother's boyfriend committed various acts of sexual abuse upon her on numerous occasions. The worker also testified that Sonique stated to the detective that she informed her mother that such abuse was occurring, and her mother did nothing to stop it. Sonique's statements were corroborated by evidence that the boyfriend pleaded guilty in a criminal proceeding related to the incidents to endangering the welfare of a child (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Joshua UU. [Jessica XX.—Eugene LL.]*, 81 AD3d 1096, 1098 [2011]). Under the circumstances of this case, the mother's abuse of Sonique demonstrated a flawed understanding of a parent's duties and showed impaired parental judgment sufficient to support findings of derivative abuse (*see* Family Ct Act § 1046 [a] [i]; *Matter of Kassandra V. [Sylvia L.]*, 90 AD3d 940, 942 [2011]; *Matter of Abigail S.*, 21 AD3d 380 [2005]).

However, the Family Court erred in issuing the orders of disposition without first conducting a dispositional hearing (*see* Family Ct Act §§ 1045, 1047 [a]; 1052 [a]; *Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 183 [1994]; *Matter of Brianna L. [Marie A.]*, 103 AD3d 181, 187

[2012]; *Matter of Kleevuort C. [Fredlyn V.]*, 84 AD3d 1371, 1372 [2011]). "A dispositional hearing must be held as a condition precedent to the entry of a dispositional order" (*Matter of Nyomi A.D.*, 10 AD3d 684, 686 [2004]). "A dispositional hearing is required so as to permit the Family Court to make an informed determination, from amongst the dispositional alternatives, which is consistent with the best interests of the . . . children" (*Matter of Brianna L. [Marie A.]*, 103 AD3d at 187). At a dispositional hearing, "due process requires that the parties be provided an adequate opportunity to offer evidence" (*Matter of Katrina W.*, 171 AD2d 250, 257 [1991]; *see* Family Ct Act § 1011). Here, the Family Court did not allow the mother to testify, failed to adduce any evidence from the father, to whom it released two of the children, and conducted no inquiry into dispositional alternatives before making its determination.

The parties' remaining contentions either are without merit, are unpreserved for appellate review, are not properly before this Court, or have been rendered academic in light of our determination.

Accordingly, the matter must be remitted to the Family Court, Kings County, for a dispositional hearing. In light of certain statements made by the Family Court in denying the mother's application to testify, including its demand that the mother make an offer of proof, which gave the appearance of a lack of impartiality, we remit the matter to the Family Court, Kings County, for further proceedings before a different Judge (*see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 730 [2013]). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.