# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1238
CAF 15-00407
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF CHARITY M., KORDELL S.,
TEMPERANCE M. AND KYRA T.
-----------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

WARREN M., RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

KIMBERLY S. CONIDI, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered February 20, 2015 in proceedings pursuant to
Family Court Act article 10. The order, among other things, placed
the subject children in the custody of petitioner and directed
respondent Warren M. to comply with the terms and conditions specified
in orders of protection.

It is hereby ORDERED that said appeal from the order insofar as
it concerns the disposition is unanimously dismissed and the order is
affirmed without costs.

Memorandum: Respondent father appeals from an order in these
proceedings pursuant to Family Court Act article 10 in which Family
Court found, inter alia, that he abused Kordell S., one of the subject
children, and derivatively abused the remaining subject children. We
conclude that the evidence is sufficient to sustain a finding of abuse
with respect to Kordell. Medical testimony of a child abuse physician
established that Kordell sustained second-degree burns on his back,
left lateral side and left upper arm, in a pattern that did not fit
any of the histories that were given and was inconsistent with Kordell
inflicting the burns on himself. The physician repeatedly testified
that she believed that the burns were intentionally inflicted. It is
undisputed on appeal that the father was the sole caregiver for
Kordell at the time he sustained those burns. Thus, we conclude that
"petitioner established a prima facie case of child abuse with respect
to [Kordell,] and [the father] failed to rebut the presumption that
[he] was culpable" (*Matter of Alyssa C.M.*, 17 AD3d 1023, 1024, *lv
denied* 5 NY3d 706).

Moreover, contrary to the father's contention, Kordell's statements that the father burned him were sufficiently corroborated by both the medical testimony and the child protective caseworker's observation of his injuries (*see Matter of Ishanellys O. [Luis A.O.]*, 129 AD3d 1450, 1451-1452; *Matter of Nicholas L.*, 50 AD3d 1141, 1142). To the extent that the father contends that Kordell's statements were consistent with his own description of the incident, we note that the court specifically found that the father's statements appeared to be internally inconsistent and were not corroborated by the medical testimony. We conclude that "[t]here is no basis to disturb the court's credibility determinations with respect to the [father's] varying accounts of the occurrence, [or] the court's decision to credit petitioner's expert over [the father]. It is well settled that 'the court's determination regarding credibility of the witnesses is entitled to great weight on appeal' " (*Matter of Amire B. [Selika B.]*, 95 AD3d 632, 632, *lv denied* 20 NY3d 855; *see generally Matter of Isobella A. [Anna W.]*, 136 AD3d 1317, 1319).

The court properly determined that the father's abuse of Kordell established his derivative abuse of the other subject children (*see Matter of Michael U. [Marcus U.]*, 110 AD3d 821, 822). We conclude both that petitioner established that the father had "a fundamental defect in [his] understanding of the duties of parenthood, and [a] lack of self-control [that] created a substantial risk of harm to any child in his care" (*id.*), and that "the abuse . . . of [Kordell] 'is so closely connected with the care of [the other children] as to indicate that [they are] equally at risk' " (*Matter of Wyquanza J. [Lisa J.]*, 93 AD3d 1360, 1361).

Lastly, we agree with petitioner and the Attorney for the Children that the father's challenges to the dispositional provisions of the order are not properly before this Court because no appeal lies from that part of an order entered on consent (*see Matter of Holly B. [Scott B.]*, 117 AD3d 1592, 1592).

Entered: December 23, 2016                          Frances E. Cafarell
                                                    Clerk of the Court